# Houser *versus* Tully.

1. Tully went to Houser's inn, purchased liquor, &c., and gave money for safe keeping to one in the bar-room, as to whom there was evidence that he was bar-keeper; the money was lost. The court properly instructed the jury that if Tully was a guest and gave his money to the bar-keeper, or if not in fact bar-keeper, was acting in a capacity from which an authority to receive the money on the credit of the house might be inferred, he could recover, if the money was intrusted to him on the credit of the inn; but if Tully was not a guest, or intrusted the money on the individual credit of the bar-keeper, he could not recover.

2. An innkeeper extends a general invitation to travellers and receives a reward for his hospitality, from which result corresponding duties, one being to protect the property of his guests.

3. An innkeeper is bound to take all possible care of the goods, money

[Houser *v.* Tully.]

and baggage of his guests deposited in his house or intrusted to his family or servants, and is responsible for their acts and the acts of other guests.

4. An innkeeper is bound to provide honest servants, and to exercise an exact vigilance over all persons coming into his house as guests or otherwise.

5. An innkeeper is bound to pay for goods stolen in his house from a guest; unless stolen by the servant or companion of the guest.

6. In case of a loss at an inn, the innkeeper is liable, although sick or absent.

7. An innkeeper is not liable for the loss or embezzlement of his guest's money when he does not deposit it on the security of the inn, but intrusts it to another guest or inmate in whom he reposes his confidence.

8. On whose credit the guest deposits his money, &c., at an inn is for the jury.

May 7th 1869. Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ. READ, J., absent.

This suit was instituted before a justice of the peace on the 30th of March 1867, by Edward Tully, against Isaac B. Houser, and removed into the Court of Common Pleas by appeal.

The plaintiff declared in case against the defendant as an innkeeper, averring that he was a guest of the defendant, and delivered to the defendant's barkeeper a sum of money for safe-keeping, and that, through the negligence and carelessness of the defendant, his servants and agents, the money was lost. The plea was " not guilty."

There was evidence for the plaintiff that he came to the tavern of the plaintiff in the evening, and on his request received a drink from one McClain, who was behind the bar, and he paid McClain for it. McClain said to the plaintiff that he was carrying his money in a loose way. Plaintiff gave the money, amounting to about $82, to McClain, who put it into the bar-drawer and locked it. The plaintiff remained in the defendant's house all night, and took breakfast there the next morning. He resided less than a mile from the defendant's.

There was evidence for the defendant to show that McClain was not his bar-keeper, and that McClain afterwards embezzled the money in dispute. It appeared that the defendant was absent from his tavern at the time; there was evidence, also, that the plaintiff was much intoxicated. There were a number of points submitted to the court by the parties respectively. The questions raised by the points are substantially presented and passed upon in the charge of Fisher, P. J., which is as follows:—

" This is an action on the case brought by the plaintiff, Edward Tully, against Isaac B. Houser, the defendant, to recover a sum of money said to have been given by the plaintiff to Jack McClain for safe keeping whilst McClain was acting in the capacity of a bar-keeper of defendant, and whilst Tully was the guest of Houser, who it is admitted at the time of the occurrence out of which this suit arises was an innkeeper, and proprietor of the ' Washington House,' in the town of Oxford, in this county.

[Houser *v.* Tully.]

"The fact that at the time the money was given to McClain, Houser was absent from home, is not denied. Nor is the fact that McClain received the money denied. But it is denied that Tully was the guest of Houser at the time, and it is denied that McClain acted in the capacity of bar-keeper, or received the money in that capacity." After referring to the evidence the judge proceeded: "From this evidence you will determine whether at the time Tully gave his money to McClain to keep for him, McClain was acting in the capacity of the bar-keeper of Houser, and whether if he was, the money was given to his care in that capacity, and on the credit of the house, or intrusted to him on his own individual responsibility, and not that of the house of Mr. Houser.

"From this evidence the jury will decide whether Tully was at the time he delivered the money to McClain the guest of Houser. If he was not, the plaintiff cannot recover.

"If the jury decide that Tully was the guest of Houser, then the next question to decide is: Did Tully deliver his money for safe keeping to one who had authority as bar-keeper to receive it, who was actually acting as bar-keeper, or who, if not the bar-keeper in fact, was acting in a capacity from which an authority to receive the money on the credit of the house might be inferred. If the jury find these to be the facts and that Tully was the guest of Houser, then the plaintiff would be entitled to recover. But if the jury do not find these to be the facts, then the plaintiff cannot recover.

"But if the jury find that Tully was the guest of Houser, and find that McClain was his bar-keeper at the time he received the money, or acted in such a capacity as would naturally lead guests to infer he was acting as the bar-keeper of Houser, but the money was intrusted to McClain, not in his capacity of bar-keeper, not on the credit of Mr. Houser as proprietor, or on the credit of the house, but on the individual credit of McClain, intrusted to him as an individual, and looked to his responsibility for the safe keeping and return of his money, then the plaintiff cannot recover."

The verdict was for the plaintiff for $91.93.

The defendant having removed the case to the Supreme Court, in a number of specifications assigned for error the charge of the court below and the answers to the points.

*M. McLean* and *J. Gibson* (with whom was *W. McLean*), for plaintiff in error.—Neither acts or declarations of McClain are evidence of his agency: Meredith *v.* Macoss, 1 Yeates 200; Plumsted *v.* Rudebach, Id. 502; Stewartson *v.* Watts, 8 Watts 392. A master is not liable for the acts of his servant out of the scope of his authority: Coleman *v.* Riches, 16 Common Bench 104. The innkeeper is not liable when the loss happens by the guest's misconduct: Burgess *v.* Clements, 4 M. & S. 306 (1 Sm. L. C. 198); Profilet *v.* Hall, 8 Am. Law Reg. 561.

[Houser v. Tully.]

*D. Wills,* for defendant in error, as to liability of innkeeper, cited Calye's Case, 8 Rep. 32 (1 Sm. L. C. 194); Burgess *v.* Clements, *supra.* The liability extends to money : Kent *v.* Shuckard, 2 Barn. & Ad. 803. Coming for temporary refreshment constitutes a guest : Bennet *v.* Mellor, 5 Term R. 273 ; Yorke *v.* Grenaugh, 2 Lord Raymond 866 ; Towson *v.* Havre de Grace Bank, 6 Harris & Johns. 47 ; Mason *v.* Thompson, 9 Pickering 280 ; Kisten *v.* Hildebrand, 9 B. Monroe 72 ; Thickstun *v.* Howard, 8 Blackford 535 ; Sibley *v.* Aldrich, 33 N. Hamp. 553 ; Armisted *v.* Weld, 17 O. R. 261 ; Shaw *v.* Berry, 31 Maine 228 ; Pinkerton *v.* Woodward, 33 Cal. 557 ; Weisinger *v.* Taylor, 1 Bush 275. If goods are brought by a guest into the inn, it creates a responsibility : McDonald *v.* Edgerton, 5 Barbour's S. Ct. 560. Including money : Berkshire Woollen Co. *v.* Proctor, 7 Cushing 417 ; Taylor *v.* Monnat, 4 Duer 119 ; Stanton *v.* Leland, E. D. Smith 89 ; McDaniels *v.* Robinson, 26 Vermont 317 ; Coggs *v.* Bernard and notes, 1 Sm. L. C. 6 Am. Ed. p. 375 *et seq.* ; Story on Bailments, § 471, 482 ; Jones on Bailments 95. Sickness or absence does not relieve the innkeeper : Story on Bailments, § 473 ; Sneider *v.* Geiss, 1 Yeates 34.

The opinion of the court was delivered, July 6th 1869, by

WILLIAMS, J.—The defendant below kept a licensed tavern, and, in his absence, the plaintiff stopped at his house and remained over night. During the evening, while partially intoxicated, he handed to the person who was acting as barkeeper a package of money for safe keeping, which he locked up in the money drawer, and afterwards embezzled. The defendant refused to make restitution, and the plaintiff brought this action to recover the amount of the deposit.

The court instructed the jury that if the plaintiff was not a guest at the inn he was not entitled to recover. But if he was a guest, and delivered his money for safe keeping to one who had authority as barkeeper to receive it ; or who, if not the barkeeper in fact, was acting in a capacity from which an authority to receive the money on the credit of the house might be inferred, he was entitled to recover, if he intrusted the money to him on the credit of the inn. But if he did not intrust the money to him in his capacity of barkeeper, but on his individual credit and responsibility for its safe keeping, then he was not entitled to recover.

These were, in substance, the instructions which the court gave to the jury in answer to the points submitted on both sides, and in the general charge, and, therefore, it will not be necessary to consider separately each assignment of error. Did the court then err in its instructions to the jury ?

The liability of an innkeeper arises from the nature of his employment. He holds out a general invitation to travellers to come

[Houser *v.* Tully.]

to his house, and he receives a reward for his hospitality. The law, in return, imposes on him corresponding duties, one of which is, to protect the property of those whom he receives as guests: Clute *v.* Wiggins, 14 John. 175. He is bound to take all possible care of the goods, money and baggage of his guests deposited in his house, or intrusted to the care of his family or servants; and he is responsible for their acts, as well as for the acts of other guests. If the goods of the guest are damaged in the inn, or are stolen from it by the servants or domestics, or by a stranger guest, he is bound to make restitution; for it is his duty to provide honest servants, and to exercise an exact vigilance over all persons coming into his house as guests or otherwise. His responsibility extends to all his servants and domestics, and to all the goods and moneys of his guest which are placed within the inn; and he is bound in every event to pay for them if stolen, unless they were stolen by a servant or companion of the guest. In case of a loss by theft, it is no excuse for the innkeeper that he was sick, or absent from home at the time; for he is bound, in such cases, to provide honest and faithful servants according to the confidence reposed in him by the public. These familiar principles require the citation of no authority for their support. They will be found more fully stated in any recent treatise on the law of bailment, and they fully justify the court in charging the jury that if the plaintiff was a guest, and deposited his money on the credit of the inn, with a person having authority as barkeeper to receive it; or who acted in such a capacity as would naturally lead guests to infer that he was the barkeeper, the defendant is responsible for its embezzlement, and bound to make restitution. And the evidence was such as to justify the court in submitting both of these questions to the jury.

But though an innkeeper is liable, on grounds of the soundest policy and public convenience, for whatever is deposited in his house by a guest, he is not responsible for the loss or embezzlement of his guest's money, where he does not deposit it on the security of the inn, but intrusts it to another guest or inmate for safe keeping in whom he reposes his trust and confidence: Sneider *v.* Geiss, 1 Yeates 35. Whether the guest deposits his money on the credit of the inn or not, is a question of fact for the jury and not a conclusion of law for the court; and was properly left to the jury under the evidence in this case. The loss of the money was not occasioned by the plaintiff's drunkenness, but by the dishonesty of the barkeeper, who, after locking it up in the drawer, embezzled it. And as the jury have found that he was acting as barkeeper by the express or implied authority of the defendant, the plaintiff was guilty of no negligence in depositing it with him for safe keeping.

Judgment affirmed.