## Walsh et al. versus Porterfield.

1. An innkeeper is liable for the goods stolen in his house from a guest, unless stolen by the servant or companion of the guest. Houser *v.* Tully, 12 P. F. Smith 92, followed.

2. Where evidence was produced, that the guest was intoxicated at the time of the alleged robbery, it was not error in the court to instruct the jury that if the guest was intoxicated, and this contributed in any way to the loss, he could not recover.

3. Where on cross-examination, a part of a conversation has been brought out from a witness, the other side has a right to insist that the whole conversation should be given.

October 11th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. AGNEW, C. J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 2.

Case by John C. Porterfield, against Walsh & Anderson, to recover damages for the loss of certain property stolen from the plaintiff while a guest in defendants' hotel.

On the trial, it appeared from the evidence of plaintiff that he came to the hotel of defendants on Saturday, and remained there as a guest until Monday; that when he retired on Sunday evening he had about his clothes his watch, which cost $325, a valuable diamond pin, which cost $600, and which he was in the habit of wearing, and about $15 in money; that upon retiring he bolted or locked the door of his room, it being provided with both lock and bolt, and that upon rising on Monday morning he discovered that he had been robbed of his watch, pin and money.

On discovering his loss, the plaintiff sent for one of the proprietors of the hotel, and communicated to him the fact.

On cross-examination, the defendants' counsel elicited a portion of the conversation which then ensued and stopped. The plaintiff's counsel then insisted that the whole of this conversation should be given, in order to show that the landlord admitted that another guest had been robbed on the same night. It was objected that this was irrelevant, and because the plaintiff had not been cross-examined upon this conversation. The court overruled the objection and admitted the evidence.

The defence offered evidence to show that the plaintiff was intoxicated on Sunday when he retired, and also on the Monday morning following; that they had a watchman on duty on the night of the robbery, and a safe provided for the reception of the valuables of guests, and had given notice thereof, as required by the Act of May 7th 1855.

The following were among the points of the plaintiff, with the answers of the court, Fetterman, J., thereto:

12. That it is not negligence contributing to loss, which will

[Walsh *v.* Porterfield.]

defeat recovery, that a guest having bolted and locked his door, goes to bed intoxicated, and thereby does not hear the operations of a robber on his room door in effecting an entrance.

Ans. "That point as stated is affirmed. If he took every reasonable precaution to secure his property, although he may have been drunk, locked himself into his room, and during the night a burglar gained an entrance and robbed him, the mere fact of his being intoxicated would not be any defence."

13. The measure of damages is compensation for plaintiff's losses, measured by the value of the property and money lost, interest on such values, and a reasonable allowance for necessary expenses and costs attending his efforts to secure compensation from defendants.

Ans. "That point is refused. The measure of damages must be the value of the property—the pin at $600, and the watch at $350, and whatever amount of money he had, and the interest. There is no testimony as to expenses incurred by Mr. Porterfield in attempting to get his property, and you have no right, in the absence of testimony, to assume that he put himself to any expense; and as to counsel fees and such as that he is clearly not entitled to anything. You limit yourself, if you find in his favor, to the value of the property at the time of the loss."

The ninth point of the defendants, which the court affirmed, was as follows:

That if the jury believe from the evidence that the plaintiff was intoxicated on the night of the alleged robbery, and that this contributed in any way to his loss, he cannot recover.

In their general charge, the court, inter alia, said:

"At common law a hotelkeeper or innkeeper was liable at all events for the goods and baggage of his guests. He held himself out as an innkeeper, and was required by law to receive all persons coming and desiring lodgings, and upon him was imposed the duty of strict care of the property of his guests whilst in his hotel. That law is the same to-day as it was years ago, except where it has been modified by our Acts of Assembly. * * *

"It was in fact insuring, as it were, the safety of the property of guests, and it was immaterial (if a loss occurred or property was stolen whilst the guest was in the hotel) by whom it was stolen, unless it was by the guest's own servant or a fellow guest of the party who was robbed, or the negligence of the guest; and however vigilant the landlord might have been he was responsible to the party losing the property. That was the common-law liability. He was practically an insurer of the safety of the property whilst the guest remained in his house."

The verdict was for the plaintiff for $883.65, and after judgment thereon the defendants took this writ, assigning for error, inter alia,

[Walsh *v.* Porterfield.]

the admission of testimony, the answers to points, and the portion of the charge above noted.

*Hampton & Dalzell,* for plaintiffs in error.—The court stated the liability of the innkeeper too broadly; the real foundation for the rule seems to be the negligence of the landlord or his servants: Story on Bailments, sect. 470; Metcalf *v.* Hess, 14 Ill. 129; Merritt *v.* Claghorn, 23 Vt. 177; Kisten *v.* Hildebrand, 9 B. Mon. 72; Laird *v.* Eichard, 10 Ind. 212; Calye's Case, 8 Coke 32; Dawson *v.* Chamny, 5 Ad. & E. 164; Burgess *v.* Clements, 4 M. & S. 306.    The instructions of the court on the question of contributory negligence, through the intoxication of plaintiff, were contradictory and confusing.    It was exclusively the province of the jury to fix the amount to be recovered. Houser *v.* Tully, 12 P. F. Smith 92, had reference simply to the liability of an innkeeper, with whom a special deposit had been made, and the rule laid down by WILLIAMS, J., was too broad and was *obiter dictum.*

*S. Schoyer, Jr.,* and *H. B. Wilkins,* for defendant in error, relied upon Houser *v.* Tully, *supra,* and Sibley *v.* Aldrich, 33 N. H. 553.

The judgment of the Supreme Court was entered, October 21st 1878,

PER CURIAM.—We adhere to the statement of the law as laid down by our late brother WILLIAMS, in Houser *v.* Tully, 12 P. F. Smith 92, as to the extent and character of the liability of innkeepers for the goods of their guests.    An innkeeper is bound to pay for goods stolen in his house from a guest, unless stolen by the servant or companion of the guest.    It is his duty to provide honest servants and to exercise an exact vigilance over all persons coming into his house as guests or otherwise.    The learned judge below, in his charge to the jury, evidently adopted this case as his chart, and there is no error in his instructions upon the law.    He affirmed the defendants' ninth point, that if the plaintiff was intoxicated, and this contributed in any way to the loss, he could not recover.    The evidence of the whole conversation of the plaintiff, of which the defendants had drawn out a part in the cross-examination, was rightly admitted.    The error in the answer to the plaintiff's thirteenth point, stating the value of the articles stolen, was a mere slip of the tongue, and evidently did the defendants no injury.    It was not intended as a binding instruction as to the value, nor was it so understood at the time.    On the whole, we discover no substantial error on this record, which requires us to reverse the judgment.

Judgment affirmed.