J. Frank Turner *v.* H. P. Whitaker and Samuel J. Keech, copartners, trading as Stafford, Whitaker & Keech, Appellants.

*Appeals—Review—Theory of trial below followed.*

Where the verdict of the jury establishes the liability of the defendant upon the theory of the case upon which he chose to have it tested he cannot be permitted, on appeal, to change his ground and allege that the case

should have been treated in accordance with a view not presented on the trial.    Taylor v. Sattler, 6 Pa. Superior Ct. 229, followed.

*Innkeeper's liability as insurer.*

An innkeeper, as to articles specified by the Act of May 7, 1855. P. L. 479, as commonly and prudently permissible to be retained by a guest in his room, is practically in the position of an insurer.

*Innkeeper's liability for stolen goods—Guest absent all night not contributory negligence.*

Absence all night from a room engaged by a guest at a hotel will not warrant a trial judge in instructing the jury as question of law that such absence was such negligence on the part of the guest, as to bar his right to recover from the innkeeper the value of property stolen from the room. Such absence may under certain circumstances be a fact for the consideration of the jury though standing alone it was more than fair to the defendant to leave it to the consideration of the jury as a possible element of negligence.

Argued Oct. 10, 1898.    Appeal, No. 68, Oct. T., 1898, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 644, on verdict for plaintiff.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ Affirmed.

Trespass.    Before ARNOLD, P. J.

It appears from the record and evidence that an action of trespass was brought against the proprietors of the Hotel Walton to recover the value of a scarf pin and a pair of studs which had been stolen from the room of plaintiff while he was a guest at defendants' hotel.

Other facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $222.50.    Defendants appealed.

*Errors assigned* were (1) refusal to enter nonsuit.    (2) Refusal of binding instructions for defendants.    (3) In charging the jury as follows: " If you are of the opinion, however, that the jewelry which was lost was of that character which pertains to the person in daily or frequent use, and not of such excessive value that it ought to have been put in charge of the landlord, then, if you find there was a loss without any fault on the part of the plaintiff, you will render a verdict against the defendant

for the value thereof." (4) In charging the jury as follows: "It is admitted that the plaintiff was not in his room the night before the loss was discovered. Without saying as matter of law upon that point what the effect of his absence would be, I leave it to you to say whether you find that to be an act of negligence or carelessness on his part in staying away from his room so long a time, especially during the dead hours of night; whether by doing that he furnished time and opportunity for the thief to ply his vocation."

*H. B. Gill*, with him *Silas W. Pettit* and *John R. Read*, for appellants.—It is well settled that an innkeeper, while liable to a guest for any loss that may occur upon the premises in the absence of contributory negligence on the part of the guest, is not so liable to one who is a boarder in the absence of negligence upon the part of the innkeeper: Chamberlain v. Masterson, 26 Ala. 371; Manning v. Wells, 9 Humph. (Tenn.) 746; Berkshire Woolen Co. v. Proctor, 61 Mass. 417; Willard v. Reinhardt, 2 E. D. Smith, 149; Kisten v. Hildebrand, 9 B. Monroe (Ky.), 72; Jeffords v. Crump, 5 W. N. C. 10; Vance v. Throckmorton, 5 Bush (Ky.), 41.

A transient customer at an inn, although he be not a traveler or a stranger, is considered as a guest; a lodger who sojourns at an inn and takes a room for a specified time and pays for his lodging on a special agreement, as by the month or week, is a boarder: Bennett v. Mellor, 5 Term Rep. 273.

The mere leaving of goods at the inn does not constitute the party a guest so as to render the innkeeper liable for his goods. Leaving a horse does, but not inanimate goods: Grinnell v. Cook, 3 Hill, 485; Ingallsbee v. Wood, 33 N. Y. 577; Healey v. Gray, 68 Me. 489; Russell v. Fagan, 8 Atl. Rep. 258.

In order to make one liable as innkeeper at the common law for goods lost at his inn, it must appear that he was acting in the capacity of innkeeper on the occasion when the goods were received and that the owner was his guest; in other words, that the latter visited the inn for purposes which the common law recognizes as the purpose for which inns are kept: Carter v. Hobbs, 12 Mich. 52.

If one even left the hotel, leaving inanimate goods, the innkeeper is not liable as such for loss during absence: Gelley v.

Clerk, Cro. Jac. 188; Grinnell v. Cook, 3 Hill, 485; Wharton's Innkeepers, 76.

Nor is an innkeeper bound to receive goods of a person who only desires the use of the inn as a place of deposit: Wharton's Innkeepers, 79; Bennett v. Mellor, 5 Term Rep. 273; Mateer v. Brown, 1 Cal. 221.

It is well settled that if a person leave at an inn property from which the innkeeper can derive no gain from its keeping, that is, dead property, as it is termed, and goes away himself, and it is stolen in his absence, he shall have no action against his host as innkeeper for the reason that he was not a guest at the time: McDaniels v. Robinson, 28 Vt. 387.

So the relation of innkeeper and guest with its attendant liabilities on the part of the former no longer exists when the guest settles his bill and leaves the inn, though he entertains or expresses an intention to return: Whitmore v. Haroldson, 2 Lea (Tenn.), 312; Miller v. Peoples, 60 Miss. 819; O'Brien v. Vaill, 22 Fla. 627; McDaniels v. Robinson, 28 Vt. 387; Seymour v. Cook, 53 Barb. 451; Wintermute v. Clark, 5 Sandf. 242.

The plaintiff packed the goods on one day and left them without any intention of returning except to take them away. He did not intend to return as a guest.. He gave no notice to the landlord that he was not again coming back except to get his goods, and that, in the mean time, he would leave them unprotected in his room. Of course, the failure to observe a legal duty under all circumstances is contributory negligence as matter of law. It is the legal duty of a guest to occupy his room as an ordinary guest would do. If he leaves the house as a guest he cannot keep his room as a storage place, and failing to occupy it he is guilty of contributory negligence as matter of law: Shultz v. Wall, 134 Pa. 262.

*M. Hampton Todd,* for appellee.—The first assignment of error is to the effect that the learned trial judge erred in refusing the defendant's motion to enter a nonsuit. We respectfully submit that this is not assignable for error: Crawford v. McKinney, 165 Pa. 605.

The second assignment of error is that the learned judge who tried the case erred in not directing a verdict for the defendants.

It certainly would be a novelty in practice to convict a trial

judge of error for not directing a verdict for the defendant when he was not asked to do so. This alleged error is an after-thought.

The third assignment of error is to the language of the learned judge in submitting to the jury the question of fact whether or not the jewelry lost was of the character which pertains to a person in daily or frequent use.

We submit that this language is without error. This was a question of fact to be determined by the jury, and the jury determined it against the appellants. The appellants in no part of their brief discuss this language or appear to complain of its inaccuracy in presenting the question.

The fourth assignment of error is to the language of the learned judge in submitting the question of negligence on the part of the appellee. This also raised a question of fact, and the appellants certainly have no cause of complaint in the language used by the learned court, nor do we understand them to complain of the language of the court.

It will be seen that none of the assignments of error raise the question which the appellants so laboriously present in their paper-book, a question which, after all, was a question of fact to be determined by the jury, namely, whether or not Mr. Turner, the appellee, was a boarder or a guest. The appellants tried the case on the theory of the appellee being a negligent guest, and when the jury found that question of fact against them, they turn, in this court, and endeavor to raise a question not raised in the court below, and to convict the trial judge of error on a point which was not presented to him for his consideration: Taylor v. Sattler, 6 Pa. Superior Ct. 229.

OPINION BY WILLIAM W. PORTER, J., December 15, 1898:

We have examined the brief submitted to us relating to the distinction sought to be drawn between guests and boarders and the innkeeper's liability in respect to each, but we are unable to see how the authorities there gathered can aid us in our present inquiry. The distinction was not presented to the court below. The case was tried on the theory that the plaintiff was a negligent guest. The jury have found against the defendants on this question. " Where the verdict of the jury establishes the liability of the defendants upon the theory of

the case by which they chose to have it tested they cannot be permitted on appeal to change their ground and allege that the case should have been treated in accordance with a view not presented on the trial: " Taylor v. Sattler, 6 Pa. Superior Ct. 229.

The specifications of error may be considered in order. The first is to the failure of the court to enter a nonsuit. This is not assignable error. The second specification is to the failure of the court to direct a verdict for the defendants. No request to so charge was presented to the trial judge. The defendants did not demur to the evidence, nor was any ground presented, so far as we are able to see, upon which such an instruction could have been based. The third specification is to the following portion of the judge's charge: "If you are of the opinion, however, that the jewelry which was lost was of that character which pertains to the person in daily or frequent use, and not of such excessive value that it ought to have been put in charge of the landlord, then, if you find there was loss without any fault on the part of the plaintiff, you will render a verdict against the defendant for the value thereof."

The act of May 7, 1855, relating to the provision for the safe-keeping of valuable property by landlords, contains the proviso, "that nothing herein contained shall apply to such an amount of money and such articles of goods, jewelry and valuables, as it is usually common and prudent for any such guest or boarder to retain in his room, or about his person." This leaves the innkeeper, as to the articles described (unless stolen by the servant or companion of the guest), practically in the position of an insurer, under the rule of the common law as laid down in Shultz v. Wall, 134 Pa. 262, Walsh v. Porterfield, 87 Pa. 376, and Houser v. Tully, 62 Pa. 92. The learned judge allowed the jury to say whether the jewelry stolen came within the class indicated. In view of the character and value of the articles, we are of opinion that the charge was quite as favorable as the defendants had a right to expect. The fourth and last specification also goes to a part of the charge of the court, as follows: "It is admitted that the plaintiff was not in his room the night before the loss was discovered. Without saying as matter of law upon that point what the effect of his absence would be, I leave it to you to say whether you find that to be an act of negligence or carelessness

on his part in staying away from his room so long a time, especially during the dead hours of the night; whether by doing that he furnished time and opportunity for the thief to ply his vocation."

The defendants claim that the court should, as a matter of law, have charged that absence from his room all night was negligence on the part of the plaintiff, such as to bar his right to recover from the innkeeper the value of the jewelry stolen.

This proposition cannot be sustained. A guest does not oblige himself at all times to occupy at night the room he may have engaged. There is no rule of law which imposes such a duty. His absence may, however, be a fact for the consideration of the jury in connection with the question of the negligence of the plaintiff, though for my own part I do not think it should be so regarded in such a case as the present. The court, however, submitted the question of negligence to the jury in the fairest manner, and the verdict must be held to have determined that the plaintiff's conduct was free from negligence.

The specifications of error are not sustainable, and the judgment of the court below is therefore affirmed.