Buck *v.* Hankin et al., Appellants.

Argued June 8, 1970. Before WRIGHT, P. J., WAT-KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

264

*Joseph P. Phelps, Jr.*, for appellants.

*George C. Corson, Jr.*, with him *Albert C. Oehrle, Jr.*, for appellee.

OPINION BY CERCONE, J., September 18, 1970:

Plaintiff, H. George Buck, was a paying guest of the defendant George Washington Motor Lodge on October 22, 1965, when, at sometime after midnight, while he was in bed in the room assigned him, he was awakened by the noise of an intruder in his room. Plaintiff was instructed to remain still and to turn his back while he, the night prowler, pulled the phone from the wall and escaped with plaintiff's cash, a ring and watch. A screen on the window nearest the door was found to have been pried open and apparently had provided the means of the thief's ingress.

Plaintiff instituted a suit in trespass against the Motor Lodge for the total amount of $2,098, alleging that a ring valued at $1,955, a watch of $45 and cash of $98 were taken.

After Interrogatories filed by plaintiff, to which defendant filed Answers, and after plaintiff's deposition, plaintiff filed a Motion for Summary Judgment under Pennsylvania Rule of Civil Procedure No. 1035(b),[1]

---

[1] "The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, to-

which motion was granted by the court en banc. This appeal by the defendant Motor Lodge from the Summary Judgment followed.

The questions presented to us are: (1) whether or not the Motor Lodge can be held liable for plaintiff's loss under the common law; (2) whether or not defendant's compliance with the Act of June 12, 1913, P. L. 481, §1, as amended, 37 P.S. §61, absolves it of common law liability; and (3) whether or not there are any factual issues which defendant is entitled to have determined by a jury in the event defendant is subject to common law liability.

Is the Motor Lodge liable under the common law? A reading of the leading cases on the subject of an innkeeper's common law liability reveal that it was regarded as strict and absolute, not based on negligence. As early as 1869, our Supreme Court in *Houser v. Tully*, 62 Pa. 92 (1869) reasoned: "The liability of an innkeeper arises from the nature of his employment. He holds out a general invitation to travellers to come to his house, and he receives a reward for his hospitality. The law, in return, imposes on him corresponding duties, one of which is, to protect the property of those whom he receives as guests. Clute v. Wiggins, 14 John. 175." A few years later, in *Walsh v. Porterfield*, 87 Pa. 376 (1878), the Court quoted approvingly the following charge of the lower court: "At common law a hotelkeeper or innkeeper was liable *at all events* for the goods and baggage of his guests. He held himself out as an innkeeper, and was required by law to receive all persons coming and desiring lodgings, and upon him was imposed the duty *of strict care* of the property of his guests whilst in his hotel. *That law is*

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

*the same today as it was years ago, except where it has been modified by our Acts of Assembly.* . . . It was in fact *insuring,* as it were, the safety of the property of guests, and it was immaterial (*if a loss occurred or property was stolen whilst the guest was in the hotel*) by whom it was stolen, unless it was by the guest's own servant or a fellow guest of the party who was robbed or, the negligence of the guest; and *however vigilant the landlord might have been he was responsible* to the party losing the property. That was the common-law liability. *He was practically an insurer of the safety of the property* whilst the guest remained in his house." (Emphasis supplied) The law as so stated has been followed through a long line of cases including: *Shultz v. Wall,* 134 Pa. 262, 19 A. 742 (1890) ; *Turner v. Stafford, Whitaker and Keech,* 9 Pa. Superior Ct. 83 (1898) ; *Franchinia et al. v. Palumbo,* 79 Pa. Superior Ct. 234 (1922) ; *Kelly v. Milner Hotels,* 176 Pa. Superior Ct. 316, 106 A. 2d 636 (1954).

Defendant contends that at common law the innkeeper was liable only when the loss was unexplained or not known. The cases do not support this contention. It would be unreasonable to hold that common law liability ceases to exist when it can be proved how the loss occurred. Nor can proof that no negligence existed on the part of the innkeeper (which defendant contends is the case here)[2] acquit the innkeeper from imposition of common law liability so clearly enunciated to be strict and absolute.

Also, the defense seems to imply that common law liability extends to a loss occurring when the guest is

---

[2] It could be here noted that defendant in its Answers to plaintiff's Interrogatories stated "there was no watchman on duty", which statement, had it been necessary, could have been relied upon to show lack of reasonable care for the safety of the guests and their possessions.

not in his room but does not extend to a forcible taking when the guest is in his room. With this view we cannot agree. A guest is entitled to the protection of his goods which the common law affords him whether or not he is in the room at the time the goods are stolen, as indicated in *Walsh v. Porterfield,* supra, where the Supreme Court, as already shown, quoted approvingly the lower court's charge to that effect.

We would agree that plaintiff could not recover if he had assumed the risk of loss or theft by lack of due care with his own possessions. However, we cannot find any facts in this case indicating such conduct by plaintiff which would require submission of such an issue to a jury. On this point, we do not accept defendant's contention that plaintiff negligently contributed to his own loss by opening the window through which the burglar had gained access by forcibly prying open the screen.

The defendant cannot escape responsibility from the common law liability of an innkeeper by seeking refuge in the Act of June 12, 1913, P. L. 481, §1, as amended, 37 P.S. §61, which provides: "No innkeeper . . . who constantly has in his inn or hotel . . . a metal safe or suitable vault, in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture . . . and who keeps on the doors of the sleeping rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastening, *and who keeps a copy of this section, printed in distinct type, constantly and conspicuously posted, in not less than ten conspicuous places in all, in said hotel or inn,* shall be liable for the loss or injury suffered by any guest. . . ." (Emphasis supplied) In its Answer to Supplementary Interrogatories, defendant clearly stated that "nowhere within the George Washington Motor Lodge, at the time alleged in Plain-

tiff's complaint, was there known to be posted a copy of [the pertinent Section of the aforementioned Act] . . . [T]he guest registration, signed by all guests, specifically notifies of the management's promises of a safe . . . for the storage of valuables." However, defendant did not comply with the requirements of the Statute and therefore remained in the domain of common law liability. Neither the fact that the guest registration card advised of the availability of the safe nor the fact that plaintiff was accustomed to staying overnight in public places and should have known of the availability of a safe, can take the place of compliance with the requirements specifically provided in the Act of 1913. That Act, being in derogation of the common law, must be strictly construed. *Esterly's Appeal*, 54 Pa. 192 (1867). Nor does plaintiff's statement in his deposition that at the time of his registration he had no desire to store anything in the safe restrict defendant's common law liability. Only compliance by defendant with the 1913 statute would have that effect, and since defendant's answers to plaintiff's interrogatories admit there was no compliance with the statutory requirement there is no absolution for defendant from common law liability.

Defendant claims it is entitled to have a jury pass upon the plaintiff's explanation as to how he sustained his loss. However, in its answers to plaintiff's interrogatories, defendant stated: "Entry appeared to be obtained by means of forcible entry and thereafter an armed robbery took place." By this answer defendant removed the factual issue as to how the loss occurred.

Defendant, however, is entitled to have, as it requests, a jury pass upon the extent of the plaintiff's loss. In his deposition plaintiff substantiated the value of the stolen ring by introducing a written appraisal of a gemologist. Plaintiff stated that the watch was

a "cheap electric watch", not yet a year old, for which he had paid $39.95 plus tax. He stated that $98.00 was taken from his wallet but that a $50.00 bill he had in another compartment of his wallet was not taken. If the defendant wishes to refute this testimony as to the value of plaintiff's loss, or to have a jury pass upon it, the defendant is entitled to a trial on these matters, as the trial judge has ordered.

Accordingly, the order of the court below is affirmed and the record is remanded for the purpose of trial restricted to a determination of the amount of plaintiff's loss.