## Tishman v. Host Enterprises, Inc.

*Kevin E. Osborne*, for plaintiff.
*Judith L. White*, for defendant.

MUELLER, *J.*, September 1, 1983 on June 14, 1980 Helma Tishman, plaintiff, while a guest at defendant, Host Enterprises, Inc.'s place of business known as Host Farm, had jewelry taken from her room. On September 30, 1981 plaintiff filed a complaint in trespass and assumpsit requesting judgment in the amount of $12,150 together with interest from June 14, 1980. Defendant filed an answer and new matter on November 17, 1982 asserting as one of the defenses the Innkeepers Liability Act, Act of June 12, 1913, P.L. 481, §1, as amended, 37 P.S. §61 (hereinafter referred to as the Act).

A Board of Arbitrators entered judgment against defendant on March 1, 1983. Defendant appealed, and on April 19, 1983 this case was certified by plaintiff's counsel as ready for trial.

A pre-trial conference was held on July 6, 1983, and the issue of immunity under the act was brought up by defendant's attorney. Counsel agreed that this legal issue could best be disposed of by a motion for summary judgment as to Count II* of plaintiff's complaint. Defendant's motion was filed on July 21, 1983. Briefs have been filed, and the matter is now properly before the court.

---

*Count II is in tresspass for negligence.

On July 25, 1983 a stipulation was filed, signed by counsel for the parties, indicating that for purposes of defendant's motion for summary judgment defendant was in compliance with the act on the day of the alleged burglary, June 14, 1980. This stipulation resolves all factual questions so that the remaining questions are ones of law making summary disposition proper. It is well settled that summary judgment can be entered only if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1980); Pa. R.C.P. 1035.

The questions to be resolved by the court as stated in the parties' briefs are: (1) Does the Act preclude Plaintiff's cause of action in negligence under the circumstances in this case? (2) In the alternative, does the act limit the liability of Defendant to $300? The court answers the first question in the affirmative and finds it dispositive of defendant's motion for summary judgment. The crux of this motion is an interpretation of the act which provides:

§61. Non-liability for valuables not deposited in safe

No innkeeper or hotelkeeper . . . who constantly has in his inn or hotel . . . a metal safe or suitable vault, in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments . . . and who keeps on the doors of the sleeping-rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastening, and who keeps a copy of this section, printed in distinct type, constantly and conspicuously post-

ed, in not less than ten conspicuous places in all, in said hotel or inn, shall be liable for the loss or injury suffered by any guest, unless such guest has offered to deliver the same to such innkeeper or hotelkeeper, for custody in such metal safe or vault, and such inkeeper or hotelkeeper has omitted or refused to take it and deposit it in such safe or vault for custody, and to give such guest a receipt therefor; Provided, however, That the keeper of any inn or hotel shall not be obliged to receive from any one guest, for deposit in such safe or vault, any property hereinbefore described exceeding a total value of three hundred dollars, and shall not be liable for any excess of such property, whether received or not.

There is no case law on this particular issue to aid the court in its interpretation. However, the parties do cite two cases which deal with the act. One, cited by both parties, Benjamin v. Colonial Hotel, 268 Pa. 459 (1920), dealt with a cause of action brought against a hotel for loss of money which was taken from the hotel's vault. In the instant case the jewelry was stolen from plaintiff's room. This distinction is critical since the act does not attempt to relieve an innkeeper from liability for loss of property which the guest had deposited with the innkeeper for safekeeping and lost as a result of the innkeeper's negligence. A second case, Buck v. Hankin, 217 Pa. Super. 262, 269 A.2d 344 (1970), was a cause of action against a hotel for money and jewelry stolen by force while a guest was in his room. However, in Buck, there was admittedly no compliance with the act, and common law strict liability was applied. That case is distinguished from our case since the parties have stipulated that the act was complied with on the day of the theft.

Plaintiff argues that since the act is in derogation of the common law, it must be strictly construed.

Buck v. Hankin, supra. Although the court takes notice of this judicial principle, the court finds clearer guidance from the Statutory Construction Act, 1 Pa. C.S. §1921(b), which provides:

§1921. Legislative intent controls

. . .

(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. It is clear to the court that the act's purpose was to have guests check their valuables into the hotel safe where the hotel could effectively safeguard them. If a guest chooses not to, after having received notice of the availability of a safe, the hotel would not be liable for the loss. This interpretation is a plain and reasonable reading of the act. In this case it was stipulated that the act was complied with which included notice to plaintiff of the location of the safe and the consequences of not using the safe. Plaintiff had notice that there was a safe where she could place her jewelry and, for whatever reason, chose not to place her jewelry there. Defendant under the act is not liable for her loss.

Plaintiff's counsel has cited no case where a guest has pursued a cause of action in negligence against a hotel under these facts. Since the act was complied with and the jewelry was not offered to defendant to be kept in its safe, judgment shall be entered in favor of defendant as to Count II of plaintiff's complaint.

## ORDER

And now, September 1, 1983, defendant's motion for summary judgment as to Count II of plaintiff's complaint is granted, and plaintiff may not proceed at trial to seek recovery under Count II of the complaint.