## Nicholaides v. University Hotel Associates

*Rochelle Fedullo,* for plaintiffs.
*Dennis Platt,* for defendants.

KATZ, *J.,* June 27, 1989 — This opinion is in support of this court's order dated May 8, 1989, denying plaintiff's motion for post-trial relief and granting, in part, plaintiff's petition for delay damages.

## BACKGROUND

Plaintiff, Vasilios Nicholaides, brought suit in August 1984 against defendants University Hotel Associates and Continental Services, for the theft of his coin collection, valued at $34,973, from his room at the University City Holiday Inn in September 1983.

Plaintiff alleged two theories of liability: (1) negligence and (2) violation of the "Innkeeper's Statute" (37 Pa.C.S. §61 (Purdon 1954)). The jury found that defendants had violated the "Innkeeper's Statute" and were negligent and awarded plaintiff $34,973. The jury also found plaintiff 49 percent comparatively negligent. On April 6, 1989, we reduced the verdict in accordance with the finding of comparative negligence to $17,836.23. Plaintiff then timely filed a motion for post-trial relief, requesting that we vacate our order molding the verdict and enter a verdict for the full award of $34,973. Plaintiff also filed a petition for delay damages based on the $34,973 amount.

On May 8, 1989, we denied plaintiff's motion for post-trial relief and awarded delay damages of

$9,768.13 (calculated using the $17,863.23 figure) for a total award of $27,604.36.

Plaintiff timely appealed from this order. In this opinion, therefore, we address the issue of whether we correctly molded the verdict to reflect plaintiff's comparative negligence (and the resulting effect that decision had on the calculation of delay damages.)

## I

### *Plaintiff's Theories*

Plaintiff presented two distinct theories of liability in this case. It is the interplay of these theories which is at the heart of this case.

### *Innkeeper's Liability*

Plaintiff's first theory against defendants was based on 37 Pa.C.S. §61 which provides:

"§61. Non-Liability for Valuables Not Deposited in Safe —

"No innkeeper or hotelkeeper, which term, as used in this act, shall include apartment hotelkeepers, whether individual, partnership, or corporation, who constantly has in his inn or hotel, which term, as used in this act, shall include apartment hotels, a metal safe or suitable vault, in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and who keeps on the doors of the sleeping-rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastening, and who keeps a copy of this section printed in distinct type, constantly and conspicuously posted

in not less than 10 conspicuous places in all, in said hotel or inn, shall be liable for the loss or injury suffered by any guest, unless such guest has offered to deliver the same to such innkeeper or hotelkeeper, for custody in such metal safe or vault, and such innkeeper or hotelkeeper has omitted or refused to take it and deposit in such safe or vault for custody, and to give such guest a receipt therefor: Provided, however, that the keeper of any inn or hotel shall not be obliged to receive from any one guest, for deposit in any such safe or vault, any property hereinbefore described exceeding a total value of $300, and shall not be liable for any excess of such property, whether received or not."

Section 61 was enacted to limit the common-law liability of an innkeeper. *Buck v. Hankin,* 217 Pa. Super. 262, 269 A.2d 344 (1970). At common law, an innkeeper was "practically an insurer of the safety of the property" of his guest while the guest was in the inn. *Schultz v. Wall,* 134 Pa. 262, 274, 19 Atl. 742, 744 (1890). Section 61 was intended to benefit the innkeeper by alleviating this "harsh common-law rule." *Buck, supra;* see also 40 Am. Jur. 2d §153.

Section 61 is phrased so that in innkeeper must comply with the requirements of the statute if he is to relieve himself of the "harsh common-law" rule. Section 61 requires that the innkeeper:

(1) "constantly has . . . a metal safe or suitable vault" for keeping money, valuables, etc.;

(2) "keeps . . . suitable locks or bolts" on guest's room's doors and a "suitable fastening" on the windows of the guest's rooms;

and

(3) "keeps a copy of this section, printed in

distinct type, constantly and conspicuously posted, in not less than 10 conspicuous places in all, in said hotel or inn . . . "[1]

If the innkeeper fulfills his obligations under section 61, his maximum liability is $300.

The guest also has certain obligations under section 61: namely to "offer to deliver [an item] . . . to such innkeeper . . . for custody in such metal safe or vault, and such innkeeper . . . has omitted or refused to take it and deposit it in such safe or vault for custody, and to give such guest a receipt therefore . . . "

It is unclear from the statute which obligation arises first: the innkeeper's (to comply with the statute) or the guest's (to offer his valuables to the innkeeper).

We think the court in *Buck, supra,* applied the correct approach in deciding this issue. In *Buck,* a guest sued to recover for a watch and money which were stolen from him in a robbery. The robber apparently entered the guest's room through an unlocked window. There was no evidence the guest ever offered these items to the innkeeper for deposit.

The *Buck* court first considered whether the innkeeper fell within the protection of section 61. The court found he had not and never addressed the

---

1. One of the problems with section 61 is its poor language. Defendants maintained that they complied with this section by keeping a copy of the section on the guest registration card and behind the door of every guest room. Plaintiff argued that the "10 conspicuous places" requirement should be viewed from the perspective of a guest: could a guest have seen this warning 10 times? As we discuss, *infra,* we believe section 61 no longer serves its original purpose. We believe that the "10 conspicuous places" requirement has outlived its usefulness.

guest's compliance with the statute. We follow this approach in resolving the issues before us.

## Negligence

Plaintiff alternatively pled a count of negligence against defendants. It is well-settled that section 61 is not an exclusive remedy and an action in negligence may be maintained along with a claim under section 61. *Benjamin v. Colonial Hotel Co.*, 268 Pa. 459, 112 Atl. 54 (1920). It is also clear that even if the hotel complied with section 61, they still may be liable for negligence. *Id.*

Neither party contests that both theories — innkeeper's liability under section 61 and negligence — were properly presented to the jury.

## II

## The Jury Charge

Our charge to the jury explained each cause of action; the elements of each cause of action; and the interrelation of these two theories.

The court instructed that defendants were "virtual insurer[s] of property of its guests and its liability is strict and absolute." The jury was told that defendant's liability would be limited to $300 only if they complied with section 61.

The court also instructed the jury on plaintiff's theory of negligence (and on the affirmative defense of comparative negligence).

Thus, we believe we made clear to the jury both of plaintiff's theories, the different requirements of each, and the interrelation of both theories.

## III

*Comparative Negligence and Contributory Negligence*

As we have indicated, the jury found that defendants violated section 61 (or more accurately, they never complied with the act so as to come within its protection) and were negligent. The jury also found plaintiff 49 percent comparatively negligent.

Plaintiff's post-trial motion was premised on the assumption that we improperly applied the doctrine of comparative negligence to plaintiff's recovery under section 61. We agree that comparative negligence does not apply to the cause of action based on section 61. We conclude, however, that the doctrine of contributory negligence applies to this cause of action.

Contributory negligence was always a defense to actions against an innkeeper — even at common law. *Walsh v. Porterfield,* 87 Pa. 376 (1878); *Schultz v. Wall, supra.* We believe the Comparative Negligence Act, 42 Pa.C.S. §7102 (Purdon 1982), passed in 1976, does not apply to plaintiff's claim brought pursuant to section 61.

The act, by its own terms, applies "In all actions brought to recover damages for negligence." Simply, an action under a common-law theory, where an innkeeper is "practically an insurer" is not an "action brought . . . for negligence . . . "

We are aware this conclusion appears to contradict the recent Supreme Court holding that the Comparative Negligence Act "replaced the harsh common-law doctrine of 'contributory negligence.'" *Elder v. Orluck,* 511 Pa. 402, 416, 515 A.2d 517, 524 (1986). However, two recent Superior Court cases support our general conclusion that the court must

carefully consider whether the act even applies to a particular cause of action.

In *McMeekin v. Harry M. Stevens Inc.*, 365 Pa. Super. 580, 530 A.2d 462 (1987), the court considered the issue of whether the Uniform Contribution Among Joint Tort-feasors Act, 42 Pa.C.S. §8322 (Purdon 1982), permitted contribution between a negligent defendant and a strictly liable defendant.

In deciding that contribution was permissible under these circumstances, the court also addressed the applicability of the Comparative Negligence Act. The court stated:

"While there is no Pennsylvania case law directly addressing the first question, a careful review of the Comparative Act leads us to conclude it was never the intention of our legislature to extend the scope of that act to any actions except those gounded in negligence.

" 'The doctrine or rule of comparative negligence which . . . has usually been established by a statute providing that . . . the contributory negligence of the person injured will not be a complete bar to recovery, but that there shall be an apportionment of responsibility, or of damages, in accordance with the relative fault of the parties concerned, is designed to eliminate the rigors of the common-law contributory negligence rule, and, in particular, the "all or nothing" effect of that rule . . .' 57 Am.Jur.2d §426.

"We said in our recent opinion *Krivijanski v. Union R.R. Co.*, 357 Pa. Super. 196, 515 A.2d 933 (1986):

" 'Words used in legislation are to be accorded their common meaning and usage. *Brinkley v. Pealer*, 341 Pa. Super. 432, 491 A.2d 894 (1985). *"Statutes are not presumed to make changes in rules and principles of the common law or prior*

*existing law beyond what is expressly declared in their provisions." Harka v. Nabati,* 337 Pa. Super. 617, 624, 487 A.2d 432, 435 (1985) citing [sic] *Commonwealth v. Miller,* 469 Pa. 24, 27-8, 364 A.2d 886, 887 (1976).' *Id.* at 205, 515 A.2d at 938.

*"A review of the Comparative Act reveals the act is aimed only at 'all actions brought to recover damages for negligence.'* (42 Pa.C.S. §7102(a)). Further, section 7102(b) deals with apportionment among defendant in the ratio of their 'causal negligence.' (42 Pa.C.S. §7102(b)).

*"The legislature could have specifically included in the statute forms of conduct not considered to be negligence; they chose, however, only to provide for actions grounded in negligence. Negligence describes a specific form of conduct and, absent a clear directive from the legislature,* we do not think it appropriate to expand the scope of the legislation to include conduct which is not negligent conduct. See *Krivijanski, supra." Id.* at 582-5, 530 A.2d at 464-5. (emphasis supplied)

Similarly, in *Wescoat v. Northwest Savings Association,* 378 Pa. Super. 295, 548 A.2d 619 (1988), the court considered the meaning of the phrase "brought to recover damages for negligence resulting in death or injury to person or property."

The court held that the failure to purchase insurance was not "damage to property in the ordinary sense" and therefore the act did not even apply. Instead, the court applied the "harsh common-law rule" of contributory negligence in ruling against plaintiffs. *Id.* at 302, 548 A.2d at 623.

We think it is possible to reconcile *Elder* on the one hand and *McMeekin* and *Wescoat* on the other hand. Clearly, where the Comparative Negligence Act applies, the doctrine of contributory negligence has no place. *Elder, supra.* However, *McMeekin* and

*Wescoast* indicate that it is the court's duty to determine the threshold issue of whether the act even applies.

We believe that the act cannot be fairly construed to apply to this common-law action where defendant's negligence simply is not an issue. The act should not be presumed to have worked such a change in this common-law action. *McMeekin, supra.*

Finally, we wish to express our dissatisfaction with the drafting of, and indeed, the continued existence of section 61.

This law traces its roots back to 1855. (Act of May 7, 1855, P.L. 479.) Section 61 was enacted in its current form in 1913 and amended in 1931. Case law construing its provisions is scarce. Simply, this law is outdated. There may have been a time when the state legislature deemed it wise to enact this sort of protective legislation for the benefit of the innkeeping and hotel industry.

However, sadly, times have changed. This law can legitimately be perceived as a means for unscrupulous individuals to collect a quick $300 from a hotel. The law is also perceived as a burden by those whom the law was designed to protect — innkeepers.[2] We are obligated to apply this law notwithstanding our reservations about the continued usefulness of it.

## CONCLUSION

Based on the foregoing discussion, we believe the jury's verdict was properly reduced from $34,973 to $17,836.23.

---

2. See for example, the comments of defense counsel in the present case: "I don't see how I can be responsible to pay monetary damages if I comply [with section 61] and I'm not negligent. What am I paying for?"

The award based on violation of the Innkeeper's Statute was, in essence, nullified by the jury's finding of plaintiff's negligence. Under this cause of action, plaintiff's contributory negligence acted as a complete bar to recovery on this theory.

Under plaintiff's negligence theory, the Comparative Negligence Act properly alleviated the common-law rule and thus the jury's verdict was properly molded to reflect plaintiff's comparative negligence.

Plaintiff's allegation of error regarding computation of delay damages hinges on the premise that the award should be $34,973 and not $17,836.23. As we have demonstrated that the award was properly molded to the lower figure, plaintiff's claim as to delay damages calculated on the higher amount also must fail.