568 A.2d 219

**Vasilios and Marie NICHOLAIDES, Appellants,**

**v.**

**UNIVERSITY HOTEL ASSOCIATES and Continental Services, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1989.

Filed Jan. 3, 1990.

Albert Saltz, Philadelphia, for appellants.

Dennis L. Platt, Philadelphia, for appellees.

Before CAVANAUGH, MONTEMURO and POPOVICH, JJ.

MONTEMURO, Judge:

This is an appeal from the May 8, 1989, Order of the Court of Common Pleas of Philadelphia County, wherein the court, following a jury trial, denied post-trial motions and awarded delay damages. We affirm.

In September of 1982, appellant, Vasilios Nicholaides, was a guest at the University City Holiday Inn located in Philadelphia, Pennsylvania. Appellee University Hotel Associates owned the hotel, and appellee Continental Services operated it. Upon arriving at the hotel, Nicholaides unpacked a coin collection which he owned and placed it in a dresser drawer under some garments. On September 4, 1982, Nicholaides left the coin collection in his hotel room while he visited coin shops in Philadelphia. On September 6, 1982, Nicholaides discovered that his coin collection was missing. Vasilios and Marie Nicholaides instituted the present action to recover the value of the coin collection.

The pleadings and the trial in this matter proceeded on two different theories. The first theory is an old one in our common law, and it is clearly set forth in *Walsh v. Porterfield*, 87 Pa. 376 (1878):

> At common law a hotelkeeper or innkeeper was liable at all events for the goods and baggage of his guests. He held himself out as an innkeeper, and was required to receive all persons coming and desiring lodgings, and upon him was imposed the duty of strict care of the property of his guests whilst in his hotel. That law is the same to-day as it was years ago, except where it has been modified by our Acts of Assembly.

> \* \* \* \* \* \*

> It was in fact insuring, as it were, the safety of the property of the guests, and it was immaterial (if a loss occurred or property was stolen whilst the guest was in the hotel) by whom it was stolen, unless it was by the guest's own servant or a fellow guest of the party who was robbed, or the negligence of the guest; and however vigilant the landlord might have been he was responsible

to the party losing the property. That was the common-law liability. He was practically an insurer of the safety of the property whilst the guest remained in his house. *Id.* at 377. No case law has altered this strict and absolute common law liability on the part of an innkeeper to protect the property of those whom he receives as guests. However, it has likewise been the law that "the conduct of the plaintiff contributing to the loss, whether voluntary or negligent, is always a defense." *Shultz v. Wall,* 134 Pa. 262, 19 A. 742 (1890). Consistent with the doctrine of contributory negligence, it was held that if a guest's own negligence contributed to his property loss to any degree, then the guest's recovery against the innkeeper was completely barred. *See Benjamin v. Colonial Hotel Co.,* 268 Pa. 459, 112 A. 54 (1920); *Shultz v. Wall, supra; Buck v. Hankin,* 217 Pa.Super. 262, 269 A.2d 344 (1970).

The innkeeper's strict and absolute liability at common law can also be affected by the Act of June 12, 1913, P.L. 481, as amended, 37 P.S. § 61. The section of that legislative enactment applicable instantly provides:

No innkeeper or hotelkeeper ... who has in his inn or hotel ... a metal safe or suitable vault, in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture ... and who keeps on the doors of the sleeping-rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastening, and who keeps a copy of this section, printed in distinct type, constantly and conspicuously posted, in not less than ten conspicuous places in all, in said hotel or inn, shall be liable for the loss or injury suffered by any guest, unless such guest offered to deliver the same to such innkeeper or hotelkeeper, for custody in such safe or vault, and such innkeeper or hotelkeeper has omitted or refused to take it and deposit it in such safe or vault for custody, and to give such guest a receipt therefor: Provided, however, That the keeper of any inn or hotel shall not be obliged to receive from any one guest, for deposit in such safe or vault, any

property hereinbefore described exceeding a total value of three hundred dollars, and shall not be liable for any excess of such property, whether received or not.

37 P.S. § 61. This statute provides a manner by which an innkeeper can be absolved from common law liability for a guest's loss of valuable property, as such property is defined in 37 P.S. § 61, where the innkeeper has complied with the requirements of the statute. *See Levin By Levin v. Desert Palace Inc.*, 318 Pa.Super. 606, 465 A.2d 1019 (1983) (innkeeper is liable for his guests' property losses unless he equips each room with bolts and locks on all doors, locks on all windows, a copy of the Pennsylvania Innkeepers Statute, and has a safe or vault available for the guests' use). We note that a reasonable reading of 37 P.S. § 61 indicates that if an innkeeper has provided the locks and bolts required, the safe required, and has posted the copies of 37 P.S. § 61 as required, the innkeeper is only obligated to receive a maximum of three hundred dollars in valuable property from a guest in order to be absolved from liability under 37 P.S. § 61. The fact that an innkeeper nevertheless agrees to receive valuable property which is worth more than three hundred dollars will not alter this result.[1]

The second theory pursued by the Nicholaides sounded in negligence. Following deliberations, the jury determined that appellees had failed to comply with the requirements of 37 P.S. § 61, that the appellees were negligent, and that this negligence was a substantial factor in causing the loss of the coin collection. Additionally, the jury found that Vasilios Nicholaides was contributorily negligent, that his negligence was a substantial cause of the loss, and that, in fact, the percentage of causal negligence attributable to

1. Although the issue is not presented in this appeal, we note that the trial court in the instant case charged the jury that if an innkeeper complies with all of the requirements of 37 P.S. § 61, then he would not be absolved from liability but, instead, his liability for a guest's loss of valuable property would be limited to three hundred dollars. We believe that this was an erroneous interpretation of the statute but, as the jury determined that the appellees failed to comply with the dictates of 37 P.S. § 61, this error did not affect or prejudice the result of the trial and is not a part of this appeal.

Nicholaides is forty-nine percent. In view of the jury's assessment of damages at $34,973.00, the trial court reduced the verdict because of "the finding of contributory negligence on the part of the plaintiff of 49%. Total amount to plaintiffs is $17,836,23." Order of Trial Court, April 6, 1989. Later, on May 8, 1989, the trial court added $9,768.13 in delay damages to the verdict.

On appeal, the appellants claim that the trial court erred in permitting the finding of contributory negligence to reduce the verdict because appellees' common law liability is strict and absolute. This claim is patently meritless. As we have stated, a guest's contributory negligence has always been a defense to an action brought against an innkeeper for loss of a guest's property. Although the trial court considered whether the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. § 7102, as opposed to the doctrine of contributory negligence, applies to an action based upon an innkeeper's strict and absolute common law liability, we find that we need not address this precise issue. It is clear that even if contributory negligence is no longer applicable to such an action at common law due to 42 Pa.C.S.A. § 7102, then the doctrine of comparative negligence would have to be employed to diminish the amount of damages recoverable by the guest. Certainly, if contributory negligence is found to be inapplicable, this would not result in no reduction in the damages recoverable by the guest where the guest's own negligence was a substantial factor in causing the property loss. This would be inconsistent with the established set of case law which recognizes that a guest's own negligent conduct will have an impact upon his ability to recover from the innkeeper where valuable property has been lost or damaged.

In the case at bar, appellees were found to be negligent, separate and apart from their strict and absolute common law liability. Thus, the Comparative Negligence Act was properly applied to reduce the damages recoverable by the Nicholaides. Any decision which we would render as to whether comparative negligence or the doctrine of con-

tributory negligence, one of which must necessarily apply, should be employed in actions brought solely on an innkeeper's strict and absolute liability would have no effect on the result which has been reached in this matter. Thus, we leave this issue for another day when an actual controversy may exist as to this question. *See Graziano Construction Co., Inc. v. Lee*, 298 Pa.Super. 311, 444 A.2d 1190 (1982). Our disposition of appellants' first issue renders their second claim that the trial court erred in its calculation of delay damages meritless.[2]

Order affirmed.

POPOVICH, J., concurs in the result.

<hr/>

**2.** We are aware that both the trial court and the appellees have voiced their concern that 37 P.S. § 61 may be outdated. We are concerned that, in the instant case, the hotel apparently had available safe deposit boxes, locks on individual guest rooms, and a copy of the Innkeeper's Liability Statute in each guest room. We must agree with the appellees that neither the Act itself nor the scant case law based upon the Act, clarifies the manner in which an innkeeper can satisfy the requirements of the Act. Of course, whether the Act needs to be revisited by our Legislature is a matter for them alone to decide.