548 A.2d 619

**Willard J. WESCOAT, Jr. and Susan G. Wescoat**

**v.**

**NORTHWEST SAVINGS ASSOCIATION and Security of America Life Insurance Company.**

**Appeal of NORTHWEST SAVINGS ASSOCIATION.**

Superior Court of Pennsylvania.

Argued June 8, 1988.

Filed Oct. 6, 1988.

Ann H. Gamble, Titusville, for appellants.

R. Charles Thomas, Meadville, for Wescoat, appellees.

Before CAVANAUGH, ROWLEY and KELLY, JJ.

CAVANAUGH, Judge:

The issue in this case is whether the statute dealing with comparative negligence, 42 Pa.C.S. § 7102, applies to a negligence action where the defendant allegedly failed to

procure an insurance policy for the plaintiff and failed to notify the plaintiff that the insurance was not obtained.[1]

The evidence established that in 1978 the plaintiffs below, and appellees herein, Williard J. Wescoat, Jr. and Susan G. Wescoat, applied to the defendant, Northwest Savings Association (Northwest), for a mortgage loan on a residential property that they were acquiring. In connection with the processing of the loan, the plaintiffs were asked if they wished to have the loan covered by credit life insurance and disability insurance and they indicated that they did. Pursuant to their request, Northwest prepared an application for insurance and submitted it to the Security of America Life Insurance Company (Security). Northwest maintained a group policy with Security in which mortgage borrowers could participate if they qualified. Robert C. Holquist, a vice-president and local manager of Northwest, was also an agent of Security and Northwest made available to borrowers life and disability insurance only through Security.

The application for insurance indicated that the husband plaintiff, Willard J. Wescoat, Jr., who would be an insured under the disability policy, had a knee injury in 1963 and listed a Dr. Fan of Titusville as the attending physician. Based on this information, Security forwarded to Dr. Fan a form to obtain an attending physician's statement. Dr. Fan did not respond and again Security requested the information. When it still obtained no response, Security wrote to the plaintiffs in August, 1978, that the file was closed and no insurance would be issued. Northwest wrote a similar letter in September, 1978. The only fact issue essentially

1. The Pennsylvania Comparative Negligence Act, 42 Pa.C.S. § 7102, provides:

§ 7102. Comparative negligence

(a) General rule.—*In all actions brought to recover damages for negligence resulting in death or injury to person or property,* the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff. (Emphasis added).

disputed in the court below was whether this information was actually received by the plaintiffs who denied having received such notifications.

In November, 1981, Mr. Wescoat again injured his left knee as a result of which he was disabled, at least partially. The plaintiffs advised Northwest of the injury and requested that the monthly payments on the mortgage be made by Security during the husband's disability. Upon discovering that they had no insurance, the plaintiffs brought an action against Northwest and Security in both trespass and assumpsit to recover the amounts that they would have been entitled to had the insurance been in place.[2] Appellants on appeal do not here dispute the legal propriety of pursuing a cause of action sounding in negligence under the present circumstances.

Trial was held before Walker, J. and a jury. At the conclusion a compulsory non-suit was entered in favor of the defendant, Security, and a compulsory non-suit was entered on the plaintiffs' assumpsit claim against Northwest. The negligence claim against Northwest was submitted to the jury on the basis of comparative negligence and a verdict was returned in the amount of $15,000.00, the amount of mortgage payments that would have been due over the five year period. The court molded the verdict to reduce it by the premiums that would have been paid for

2. The appellees' complaint set forth the following allegations of negligence:

20. That the damages incurred by the Plaintiffs hereinbefore described were caused by the negligence of the Defendant, Northwest Savings Association, and the Defendant, Security of America Life Insurance Company, in the following respects:

a) In failing to properly process their application for credit disability insurance;

b) In failing to notify the Plaintiffs that there was no credit disability insurance policy in effect after application had been made for the same;

c) In failing to send to Dr. Fan a Physician's Statement to be completed;

d) In failing to issue a credit disability insurance policy to the Plaintiffs;

e) In failing to make known to the Plaintiffs that no policy of credit life insurance was in effect until after November of 1981.

the insurance. The jury found the plaintiffs and the defendant Northwest each fifty percent causally negligent and the verdict was reduced by one-half.

Northwest filed motions for new trial and judgment non obstante veredicto asserting that it was error to submit the case to the jury on a comparative negligence basis. Following denial of its motions, it has appealed to this court.

On appeal, Northwest Savings Association contends that 42 Pa.C.S. § 7102(a) does not apply. It argues that the doctrine of contributory negligence is applicable to this factual situation and that as a result the plaintiffs would be barred from recovery against it since their own negligence contributed to their loss. We find this argument to be persuasive. Judge Tamilia noted in *McMeekin v. Harry M. Stevens, Inc.*, 365 Pa.Super. 580, 484–5, 530 A.2d 462, 464 (1987): "A review of the Comparative Act reveals the Act is aimed only at 'all actions brought to recover damages for negligence' (42 Pa.C.S.A. § 7102(a))." We pointed out that the legislature could have included other conduct which was not negligent, but it did not. While the Act is limited to conduct considered negligent, it encompasses *all* such conduct, only if it results in damage to person or property.

The Supreme Court in *Elder v. Orluck*, 511 Pa. 402, 416, 515 A.2d 517, 524 (1986) discussed the Act in question stating:

The Pennsylvania Comparative Negligence Act replaced the harsh common law doctrine of 'contributory negligence' under which a plaintiff whose own negligence, however slight, contributed to the happening of the accident in a proximate way, was barred from recovery. A plaintiff who was found to be 1% causally negligent could not recover from a defendant who was 99% at fault. Modern notions of fault and liability impelled the Legislature to cast aside the stern common law rule in favor of comparative negligence principles. The comparative doctrine adopted by the legislature provides a more reasonable approach to issues of liability and insures that an *injured plaintiff* will recover against a negligent

defendant or defendants even though plaintiff's negligence contributed to the accident in an equal or lesser way. The injured victim's recovery is reduced to the extent of his negligence. (Emphasis added)

■ The statute does not apply to all actions for negligence, but only to those resulting in death or injury to person or property. Clearly, the plaintiffs suffered no injury to their person. We are also of the opinion that they suffered no damage to their property. There was no tortious episode that caused damage to their tangible property, real or personal, and we hold that such is required to bring the provisions of the Act into play. Given the absence of a discrete tortious event the comparison of contributing acts of negligence in circumstances such as the present would be but unwieldy speculation. The object of all statutory construction is to ascertain the intent of the legislature. *See* Statutory Construction Act, 1 Pa.C.S. § 1921. The legislature in referring to "injury to person or property" referred to property in the sense of tangible property. The degree of negligence can be allocated among tortfeasors only where destruction or damage to such property has taken place. It is readily possible to allocate the comparative negligence among the parties if an automobile is damaged or damage is inflicted to real estate. In the case before us, the plaintiffs suffered no damage to their property. Their complaint is that they thought they had a contract of insurance, but none had been obtained for them.

The court below reasoned that the plaintiffs' pocketbook had suffered a loss since they could not receive reimbursement from a non-existent insurance policy. This is not the type of injury to property referred to in the Act.[3] Most of

3. The Act inexactly refers to "negligence resulting in death or injury to person or property." Obviously, property may not be killed or injured and what the Act intended was a reference to destruction or damage to property. The Act was criticized in *Heckendorn v. Consolidated Rail Corp.*, 293 Pa.Super. 474, 479, 439 A.2d 674, 676 (1981):

This statute was enacted without any meaningful legislative history. By two paragraphs the legislature changed the law of contributory negligence which had developed over centuries of jurisprudential history. In its haste to remedy criticism which had been

the reported cases involve injury to persons rather than damage to property. *See McMeekin v. Harry M. Stevens, Inc., supra,* plaintiff was injured when a chair upon which she was sitting collapsed; *Pachesky v. Getz,* 353 Pa.Super. 505, 510 A.2d 776 (1986) plaintiff was injured when she attempted to rescue a person involved in an automobile accident; *Seewagen v. Vanderkluet,* 338 Pa.Super. 534, 488 A.2d 21 (1985) a worker suffered the loss of an eye allegedly due to the defendant's negligence while the plaintiff was a business invitee on the defendant's premises and we held that the principle of comparative negligence applied to causes of action arising after September 7, 1976, the effective date of the Act notwithstanding when the case was tried; *Harka v. Nabati,* 337 Pa.Super. 617, 487 A.2d 432 (1985) plaintiff suffered injuries when she was walking along a road and was struck by a roll of chain link fencing that fell from a truck. She subsequently died as a result of the injuries; *Peair v. Home Association of Enola Legion No. 751,* 287 Pa.Super. 400, 430 A.2d 665 (1981) a pedestrian was injured twice in one week by falling in the same area of a sidewalk. In all of these cases there were personal injuries suffered by the plaintiff and then the comparative negligence of the parties involved could readily be allocated.

The case of *Werner v. Quality Service Oil Company,* 337 Pa.Super. 264, 486 A.2d 1009 (1984) involved destruction of property owned as tenants by the entireties. In that case the owners of a mobile home required the services of an oil burner repairman who worked on the furnace. Notwithstanding that the furnace was visibily leaking oil after repairs were made, the homeowners turned the furnace on. A fire broke out which destroyed the home and its contents. The case clearly involved destruction of tangible property and the Act applied. In the case before us there was no damage to property in the ordinary sense. The only case in point is *Fuller v. Grossman,* 20 Crawford L.J. 90 (1987) which involved an issue almost identical to the case before

leveled against the doctrine of contributory negligence, the legislature failed to address specifically the several problems which have arisen because of such an abrupt change.

us. In *Fuller* an insurance policy protected the owner of real estate and the bank which had a financial interest in the property as mortgagee. The policy was sent to the bank and to the real estate owner and indicated that only the real estate was covered and not the contents. The loan agreement required coverage on the contents. A fire occurred and, in the absence of coverage for the contents, the owner of the building sued his insurance agent who failed to procure an appropriate policy and the bank which failed to note the deficiencies in the policy. The action sounded partially in negligence and the case was submitted to the jury on a comparative negligence issue. The bank argued that the Comparative Negligence Act was not applicable in this situation and the jury should have been charged on contributory negligence which would have been a complete bar to recovery. The court stated at 20 Crawford County L.J. 93:

> The defendant's argument was based on the fact that the comparative negligence statute, 42 Pa.C.S. 7102(a) refers to 'damages for negligence resulting in death or injury to person or property.' Our research has uncovered no appellate court decisions relating to this issue, but we held that the term 'property' included a plaintiff's pocketbook and thus, there was an injury to their property if the jury determined that there was negligence.

We hold that *Fuller v. Grossman, supra,* does not set forth the law of Pennsylvania in its determination that a pecuniary loss resulting from a failure to procure insurance coverage is damage to property within the meaning of the Act. The court below in the instant case relied on *Fuller v. Grossman, supra,* in reaching its decision.[4]

■ Since the comparative negligence statute does not apply in the matter before us, we must revert to the doctrine of contributory negligence which provides that the plaintiff is barred from recovery if his negligence contributed to the result. *Brown v. Jones,* 404 Pa. 513, 172 A.2d 831

---

4. The opinion in *Fuller v. Grossman, supra,* was authored by Walker, J. who was the trial judge in the court below in the instant case.

(1961); *Matteo v. Sharon Hill Lanes, Inc.,* 216 Pa.Super. 188, 263 A.2d 910 (1970); *Rosa v. United States,* 613 F.Supp. 469 (M.D.Pa.1985). While our Supreme Court in *Elder v. Orluck, supra,* held that the Pennsylvania Comparative Negligence Act replaces the doctrine of contributory negligence, it replaces it only where the Act applies. The law may not operate in a vacuum. Where the Comparative Negligence Act does not apply because there was no destruction or damage to property, then the doctrine of contributory negligence bars recovery if the plaintiff's negligence has contributed to his loss. In the instant case, the jury found that the plaintiff was negligent and accordingly he is barred from recovery of any nature.

Judgment reversed and complaint dismissed with prejudice.