**David R. KELLER and Annette L. Keller, h/w, Appellants,**

**v.**

**RE/MAX CENTRE REALTY, Linda A. Lowe and Bobbi P. Brownson, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 24, 1998.
Filed Oct. 26, 1998.

James N. Bryant, Millheim, for appellants.

Roy K. Lisko, State College, for Re/Max, appellee.

Before JOHNSON, HUDOCK and HESTER, JJ.

JOHNSON, Judge:

We are asked to determine whether subsection (b) of the Comparative Negligence Act (the Act), 42 Pa.C.S. § 7102(b), permits homeowners, who obtained a combined jury verdict for deceit against the previous homeowner, her realtor, and the realty company, to collect the entire jury verdict from the realty company where the jury apportioned only fifty-five (55%) percent of the total award against the realty company. We find, as did the trial court, that the Act, by its express terms, is applicable only to actions sounding in negligence resulting in death or injuries to persons or damage to property, and that the Act is not applicable to claims for fraud involving failure to disclose a malfunctioning septic system. Accordingly, we affirm the order granting the realty company's petition to stay and set aside execution.

A jury awarded David R. Keller and Annette L. Keller, husband and wife, (the Homeowners) a verdict totaling $18,000.00 on their claim that Re/Max Central Realty (Re/Max), Linda A. Lowe (the Realtor), and Bobbi P. Brownson (the previous Owner), had sold the Homeowners a house with a seriously malfunctioning septic system. In a verdict form containing special interrogatories, the jury found that Re/Max, the Realtor and the previous Owner had all: "fraudulently conceal[ed] a defect in the septic system from the [Homeowners] or their agents." Verdict Slip filed May 21, 1997, R.R. at 64. The jury apportioned 45% of the damages against the previous Owner and 55% of the damages against Re/Max and the Realtor.

On July 18, 1997, Homeowners filed their Praecipe for Entry of Judgment on Verdict, directing that judgment be entered against Re/Max and Realtor (55%) in the sum of $9,900.00, and against the previous Owner (45%) in the sum of $8,100 thereby apportioning the total verdict of $18,000.00. Thereafter, on July 23, 1997, the previous Owner withdrew his Motion for Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial. On August 8, 1997, the Homeowners filed their Praecipe for Writ of Execution against Re/Max and the Realtor for the full amount of $18,000.00 plus interest and costs. In response, on August 12, 1997, counsel for Re/Max and the Realtor filed their Petition to Stay and Set Aside Execution, which petition incorrectly averred that the 55% due from Re/Max and the Realtor was only $9,500.00 rather than the $9,900.00 awarded by the jury. On the same day, counsel for the Homeowners filed an Amended Praecipe for Entry of Judgment on Verdict, directing that the full amount of $18,000.00 be entered and indexed against Re/Max and the Realtor. The trial court, the Honorable David E. Grine, issued a Rule to Show Cause on the petition to stay execution, and the Homeowners filed their Answer to that petition. After the parties submitted briefs, Judge Grine filed his Opinion and Order setting aside the writ of execution, withdrawing the Homeowners' Amended Praecipe for Judgment on Verdict, and entering judgment in favor of the Homeowners and against the previous Owner in the sum of $8,100.00, the amount of the jury award against the previous Owner. The Homeowners now appeal.

On appeal, the Homeowners pose this question:

May the Appellants/Plaintiffs [Homeowners], buyers of a home who have obtained a jury verdict of $18,000.00 against the previous owner, her realtor and the realty company for deceit, collect the entire verdict from the realty company, requiring the [realty company] to seek contribution from it's [sic] client, the Seller?

Brief for Appellant at 3. Homeowners also argue that the court erred in granting the stay of execution.

■ "The grant of a stay of execution is within the sound discretion of the trial court and its decision will not be disturbed absent a clear abuse of that discretion." *In Re Upset Sale, Tax Claim Bureau of Berks County*, 505 Pa. 327, 339, 479 A.2d 940, 946 (1984); *Kronz v. Kronz*, 393 Pa.Super. 227, 574 A.2d 91, 94 (1990). A court, in exercising this power, should not stay an execution unless the facts warrant an exercise of judicial discretion. *Kronz, supra.* Appellate review of equitable matters is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Marra v. Stocker*, 532 Pa. 187, 192, 615 A.2d 326, 328 (1992) (citing *Sack v. Feinman*, 489 Pa. 152, 413 A.2d 1059 (1980)).

■ In the Argument section of their Brief, the Homeowners rely completely upon the Comparative Negligence Act, 42 Pa.C.S. § 7102, to support their assertion that they are entitled to collect the entire verdict from Re/Max, even though the jury had only apportioned 55% of the verdict against that defendant. In pertinent part, the Act provides as follows:

### § 7102. Comparative negligence

**(a) General rule.**—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

**(b) Recovery against joint defendant; contribution**—Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred

from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

42 Pa.C.S. § 7102(a), (b).

■ We have twice held that the Comparative Negligence Act is, by its express terms, applicable only to actions sounding in negligence. *Moran v. G. & W.H. Corson, Inc.*, 402 Pa.Super. 101, 586 A.2d 416 (1991); *McMeekin v. Harry M. Stevens, Inc.*, 365 Pa.Super. 580, 530 A.2d 462 (1987). The Act only applies to negligence resulting in death or injuries to persons or damage to property. *Rizzo v. Michener*, 401 Pa.Super. 47, 584 A.2d 973, 976 (1990). We have also held that application of the Act requires a tortious episode that causes damage to tangible real or personal property. *Wescoat v. Northwest Savings Ass'n.*, 378 Pa.Super. 295, 548 A.2d 619, 621 (1988).

The Homeowners rely on only two cases to support their contention that the Act permits, or requires, that full recovery be allowed against a party found liable, along with others, for fraud and deceit. We find neither to be apposite. In *Shane v. Hoffmann*, 227 Pa.Super. 176, 324 A.2d 532 (1974), we considered whether real estate brokers and a vendor could be held liable for the sale of a residential property that had a defective sewer. There we held that the defendants were liable, either under a duty to disclose as found in the Restatement (Second) of Torts § 353 or by well-settled common law principles. *Id.* 324 A.2d at 537–38. Nowhere in the *Shane* case were we called upon to consider whether the injured homeowners could proceed against only one tort-feasor in collecting their total damage; the case is absolutely silent on the issue of recovery of the verdict against joint defendants.

The Homeowners on this appeal assert in their brief that a case "factually on all fours is *Aiello vs. Ed Saxe Real Estate, Inc.*," 508 Pa. 553, 499 A.2d 282 (1985). The case is very similar on its facts to the case now before us. However, this does not advance the Homeowners' cause on this appeal. In *Aiello*, our Supreme Court reversed this Court's order that vacated the judgment entered against the real estate broker and en-

tered judgment notwithstanding the verdict in the broker's favor. Our Supreme Court found that the broker was liable for the salesperson's misrepresentations to the purchaser even if the broker had no knowledge of the agent's misrepresentations. The case did nothing more than to reaffirm the longstanding and widely held rule of law that a principal is liable to innocent third parties for the frauds, deceits, and misrepresentations of his or her agent committed in the course of his or her employment. *Id.* at 561, 499 A.2d at 287. The *Aiello* court had no occasion to consider the sole issue presented on this appeal: Whether the Comparative Negligence Act can be employed to permit recovery of the full amount of a verdict against a single defendant, where no injury to person or damage to property resulted from any negligence on the part of the defendants.

We reject the Homeowners' contention that Judge Grine's reliance on *Rizzo v. Michener, supra,* is misplaced. We find *Rizzo* to be controlling. There, the homeowners had sued the vendor and a termite inspection company after discovering that the home that they had purchased was infested with termites and required demolition. A verdict in favor of the homeowners and against the termite inspection company was appealed to this Court. The company argued that the trial court erred in refusing to submit the question of contributory or comparative negligence on the part of the homeowners to the jury. In rejecting this claim, we said:

> The court properly refused to charge on the issue of comparative negligence. The Pennsylvania Comparative Negligence Act only applies to negligence resulting in death or injuries to persons or damage to property. There must be a tortious episode which causes damage to tangible real or personal property.... In the instant case, the alleged negligence by the defendant in not discovering the termites did not in any way result in the termite damage. The damage was done prior to the inspection [,] as the evidence pointed to long existent termite damage. The negligence complained of by [the termite inspection company] was that it failed to "discover the extensive evidence of termite damage." The failure to charge on the

comparative negligence statute was proper as it was not applicable.

*Rizzo,* 584 A.2d at 976 (citations omitted).

As Judge Grine concluded in his Opinion filed October 15, 1997, the alleged negligence by Re/Max and the Realtor was the fraudulent failure to disclose the defects in the septic system. This failure to disclose, found by the jury to have been willful, in no way contributed to the damage to the septic system. The damage was done prior to the failure to disclose. The requirement for a tortious episode first set forth in *Wescoat v. Northwest Savings Association, supra,* and reiterated in *Rizzo,* has not been met.

Judge Grine properly granted the stay of execution to the defendants because the prerequisites for application of the recovery provisions in the Comparative Negligence Act were not met. Accordingly, we conclude that the trial court did not abuse its discretion in granting the stay.

Order AFFIRMED.