**Remmert v. EDA Contractors, Inc.**

*John Jacob Hare, John Carleton Farrell* and *Elizabeth Ann Underwood*, for appellants

*John Thomas Dooley* and *Sean Michael McMonagle,*

for appellees

RIZZO, *J.*, July 19, 2013—The appellants, EDA Contractors, Inc. a/k/a EDA Roofing Corp. and William J. Diaz, from the court's order and decision of February 23, 2013

## FACTS AND PROCEDURAL HISTORY

Appellee-plaintiffs Gerald and Kathy Remmert commenced this action on March 1, 2011 against appellant-defendants EDA Contractors, Inc. a/k/a EDA Roofing Corp. ("EDA Contractors") and William J. Diaz ("Diaz") for injuries suffered by Gerald Remmert ("Remmert") on the morning of March 27, 2009. when Diaz's vehicle struck appellees' vehicle (being driven by Remmert) at the intersection of East Somerset Street and Memphis Street in the Port Richmond section of Philadelphia.

On August 2, 2012, after a five-day trial, a jury found appellee Remmert fifty-one percent (51%) liable for the accident and the injuries he himself sustained, and appellants liable for the remaining forty-nine percent (49%), which therefore barred appellees[1] from any recovery. On September 7, 2012, appellees moved for post-trial relief in the form of either a judgment notwithstanding the verdict, or a new trial, pursuant to Pennsylvania Rule of Civil Procedure 227.1. Several grounds were raised including; that the trial court erred in allowing the testimony of an accident reconstructionist, that the trial court erred in certain aspects of its charge to the jury, that the jury was improperly presented with

---

1. Appellee Kathy Remmert was barred from recovery for her loss of consortium claim.

the issue of comparative negligence, that defense counsel made improper remarks during opening and closing arguments, and finally that damages were inadequate because of an inadequate verdict.

After reviewing said motion, the responses, the trial transcript, applicable law, and receiving oral argument, this court granted appellees' motion for post-trial relief in the form of a new trial on February 23, 2013. On March 22, 2013, appellants timely appealed said order granting a new trial, pursuant to Pa.R.A.P. 311(a)(6).

The facts of the case are as follows:

This accident occurred at the intersection of Memphis Street and East Somerset Street in Philadelphia, Pennsylvania. Memphis Street runs perpendicular to East Somerset Street, forming a "T-shaped" intersection. When traveling on Memphis Street as it meets East Somerset Street, a driver must first observe a stop sign, and then turn either left or right onto East Somerset Street, which is a two-lane street. Traffic proceeding along East Somerset Street is not controlled by a stop sign, and cannot turn onto Memphis Street as it is a one-way street.

At trial, Remmert gave undisputed testimony that at the time of the incident he was traveling along East Somerset Street at a speed of approximately 15-20 miles per hour, approached Memphis Street, and observed a large parked truck "sticking out" and obstructing his view of oncoming traffic from Memphis Street. Because Remmert had the right-of-way, he did not stop or slow down his speed as he proceeded straight along East Somerset Street. At trial, Diaz, driver for EDA Contractors, testified that he drove along Memphis Street and as he approached the

intersection of Memphis Street and East Somerset Street, stopped at the stop sign, observed the same truck parked at the corner obstructing his view of the oncoming traffic from East Somerset Street, and then "inched" out into the intersection.

It is undisputed that the vehicle driven by Diaz struck Remmert's vehicle after Diaz made a left turn onto East Somerset Street from Memphis Street. The front left bumper of the Chevrolet Silverado driven by Diaz contacted the passenger-side headlight area of Remmert's Nissan Altima. Remmert testified that the impact cracked his engine in half, pushed the vehicle's hood up to the windshield, and totaled his vehicle. The impact also jolted Remmert forward and against the side of the door. When questioned about the impact, Diaz stated that his truck "went...right over the top of [appellee's car]." Photographs introduced into evidence by Diaz showed minor damage to the truck's front bumper. Diaz also introduced the testimony of an accident reconstruction expert who corroborated the testimony of both parties.

The jury returned a verdict finding Remmert fifty-one percent (51%) causally negligent and the appellants forty-nine percent (49%) causally negligent, barring both appellees from all recovery. Within thirty days of the recording of the verdict, appellees filed a timely motion for post-trial relief requesting one of the following forms of relief: judgment notwithstanding the verdict, a new trial, or a new trial on the issue of damages only. In response, a briefing schedule was put forward for the filing of post-trial briefing by the parties, setting a date for oral argument of October 9, 2012.

Both trial counsel and the court believed review of the trial transcript was essential to resolving the outstanding post-trial motion. Considerable delay in the provision of the trial transcript following oral argument on said motion resulted in several extensions afforded counsel for post-trial briefing. Each extension was requested by counsel and reviewed by this court as communication with counsel was on regular basis during this time. The unforeseen delay in the production of the trial transcript as well resulted in a delay of review and ultimate analysis by the court for decision after oral argument. Counsel knew of these delays and both expressed a need to review the trial transcript to support their own post-trial supplemental memoranda after oral argument. Both took said opportunity afforded them by the court to supplement their original post-trial filings.

On February 23, 2013, the court granted appellees' request for relief in the form of a new trial. Due to consistent communications between the court and trial counsel regarding a delay in receipt of the trial transcript, it was anticipated by the court that counsel would await the court's ruling. Defense counsel moved to enter judgment pursuant to Rule Rule 227.4(1)(b), resulting in said Judgment pre-dating this court's grant of relief on appelles' post-trial motion for a new trial. Though entry of judgment was timely, it was done without (by courtesy) any prior notice to the court. The subsequent order of February 23, 2013 entered by the court was in turn subject to challenge by the appellants and now forms the basis of the instant appeal.

Notwithstanding the unusual procedural chronology in the case, it is this court's request that full appellate

review be given the bases upon which the lower court granted the aforesaid relief — such significant relief only being granted upon a thorough review of the transcript, applicable statutory law and case law.

## ISSUES ON APPEAL[2]

In their post-trial motion. appellees raised several grounds for review: that the trial court erred in allowing the testimony of an accident reconstructionist and admission into evidence of photographs of the vehicle driven by Diaz, that the trial court erred in certain aspects of its charge to the jury, that the jury was improperly presented with the issue of comparative negligence, that defense counsel made improper remarks during opening and closing arguments, that the trial court erred in failing to overrule late objections by defense counsel to the trial testimony of Dr. James Brady, and that damages were inadequate because of an inadequate verdict. In their supplemental filing to their post-trial motion. Appellees added a new basis claiming that the trial court erred in referring to a statutory excerpt from the Pennsylvania Motor Vehicle Code 75 PA C.S. §3361, titled "Driving vehicle at safe speed," during the charge to the jury, and in not referring to excerpts from 75 PA C.S. §3322, titled "Vehicle turning left" and 3323(b), titled "Duties at stop signs."

This court's post-trial review of the case determined that the various evidentiary rulings made within the court's discretion, the scope of the charge to the jury, the extent of curative instruction given to the jury as a result

---

2. The court did not require the filing of a formal statement of matters complained of pursuant to Pa.R.C.P. 1925(b), as counsel had aptly articulated the relevant issues at the post-trial motion phase.

of remarks raised by appellants' counsel in opening and closing arguments, and the court's decision to charge the jury on relevant portions of the Motor Vehicle Code, were proper and therefore not bases for post- trial relief. As the jury never reached the issue of damages, the appellees' claim that damages were inadequate is beyond the scope of any review.

In turn, the following issues form the bases upon which this court granted post-trial relief:

1. The trial testimony of Michael Berkovitz did not form an adequate basis on which this jury could determine that appellee Gerald Remmert was more causally negligent than appellant Diaz in bringing about the accident and ultimate injury to appellee Remmert.

2. The jury's verdict finding appellee Gerard Remmert more causally negligent than appellants EDA Contractors and William J. Diaz is not supported by the weight of the evidence.

## LEGAL DISCUSSION

### I. THE TRIAL COURT DID NOT COMMIT AN ERROR OF LAW IN ADMITING THE TESTIMONY OF APPELLANT'S EXPERT WITNESS MICHAEL BERKOVITZ. SAID TESTIMONY HOWEVER DID NOT PROVIDE AN ADEQUATE BASIS FROM WHICH TO DETERMINE THAT REMMERT WAS MORE CAUSALLY NEGLIGENT THAN DIAZ.

The admissibility of expert witness testimony is governed by Pennsylvania Rule of Evidence 702. The qualification of a witness as an expert and the admission of expert testimony lie within the sound discretion of the

trial court. *Com. v. Petroll*, 696 A.2d 817, 834 (Pa. Super. Ct. 1997) *aff'd*, 558 Pa. 565, 738 A.2d 993 (1999). The Pennsylvania Supreme Court has noted that an individual who does not personally witness an accident is not competent to testify as to the cause of the accident because such an opinion would invade the jury's prerogative. *McManamon v. Washko*, 906 A.2d 1259, 1279 (Pa. Super. Ct. 2006). However, under Pa. R. Evid. 704, a person who did not observe the accident but is qualified as an expert in such matters may provide testimony on the ultimate issue of fault. *Id.* at 1278.

Admission of appellants' expert witness was proper. At trial the appellants offered Michael Berkovitz of MB2 Expert Services as an expert in traffic accident reconstruction. During voir dire, Mr. Berkovitz described his experience and qualifications. After a brief cross-examination, the court accepted Mr. Berkovitz as an expert, over plaintiff's objection. Mr. Berkovitz described how he conducted his review of the accident: he reviewed the police accident report, reviewed photographs of the vehicles, and reviewed photographs of the intersection. He also visited the accident side and measured the roadways.

Although qualified as an expert, appellants' expert witness did not provide an adequate basis for the jury to find Remmert more causally negligent than Diaz. Mr. Berkovitz testified that Diaz's 2006 Chevrolet Silverado impacted Remmet's 1999 Nissan causing approximately two feet of direct contact with the Remmert's vehicle. He opined that the damage patterns to the Remmert's vehicle indicate a "classic vehicle-under ride" where there was contact between the front bumper of that vehicle with the front bumper of Diaz's vehicle, crushing the front

hood of Remmert's vehicle. Mr. Berkovitz opined that this occurred as a result of Remmert applying his breaks at the moment of impact and because Diaz's vehicle was situated much higher than Remmert's vehicle. He also opined that the accident was a low-speed collision, corroborating Remmert's testimony that he drove at a speed of approximately 15-20 miles per hour. Mr. Berkovitz concluded that speed was not a factor in this type of accident.

Mr. Berkovitz described the characteristics of the intersection where the accident occurred. He noted that there were no parking restrictions on the corner where the accident occurred. He opined that, based on his survey and investigation, a vehicle parked on Memphis Street, as described by both Diaz and Remmert, would obstruct Diaz's view of oncoming traffic from East Somerset Street.

Notably, Mr. Berkovitz did not testify as to fault. Although Pennsylvania law permits his expert opinion on the ultimate issue, Mr. Berkovitz did not make any conclusions as to whom caused the accident, or in what proportion. Most of Mr. Berkovitz's testimony merely corroborated Diaz's and Remmert's already consistent descriptions of the accident. His testimony added very little to what the jury already heard from Remmert and Diaz. Thus, appellants' expert witness did not provide competent evidence for the jury to find appellee Remmert causally negligent to a degree greater than Diaz.

## II. THE JURY'S VERDICT FINDING APPELLEE REMMERT MORE NEGLIGENT THAN APPELLANT DIAZ IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

A new trial should be granted where the verdict is so contrary to the evidence that it "shocks one's sense of justice." *Henery v. Shadle*, 661 A.2d 439, 441, *allocator denied*, 668 A.2d 1133 (1005) and an appellate court should not set aside a trial court's decision unless the trial court abused its discretion. *Davis v. Mullen*, 565 Pa. 386, 390, 773 A.2d 764, 766 (2001). There are a limited number of circumstances for granting a new trial. *Hallowell v. Wuestkamp*, 24 Pa. D. & C.4th 99, 101 (Com. Pl. 1995) *aff'd*. 449 Pa. Super. 706, 673 A.2d 409 (1995). A court may not grant a new trial merely because it would have reached a different result. *Nudelman v. Gilbride*, 647 A.2d 233, 236 (Pa. Super. 1994). Pennsylvania courts have repeatedly emphasized, however, that where the verdict results in a miscarriage of justice, it is this court's duty to grant a new trial. *Com. v. Murray*. 597 A.2d 111, 113 (1991). The same standard for granting a new trial applies to reapportion liability. *Thompson v. City of Philadelphia*, 507 Pa. 592, 598, 493 A.2d 669, 672 (1985)

The jury found Remmert more causally negligent than Diaz. Under Pennsylvania's Comparative Negligence Act, a jury may apportion liability between the plaintiff and the defendant where there has been damage to property or personal injury. *Keller v. Re/Max Ctr. Realty*, 719 A.2d 369, 371 (Pa. Super. Ct. 1998). A plaintiff whose negligence is found to be greater than 50% cannot recover from a defendant. 42 Pa.C.S.A. §7102; *Elder v. Orluck*, 515 A.2d 517 (1986).

Even though the court did not specifically mention plaintiff's duty of care, it explained the law concerning negligence and causation and then properly instructed the jury to determine appellant's causal negligence, if

any, appellee's causal negligence, if any, and then to apportion the combined causal negligence between the parties. This instruction was certainly adequate.

*Fish v. Gosnell*, 316 Pa. Super. 565, 580,463 A.2d 1042, 1050 (1983)

Here, the jury's finding that Remmert was more negligent than Diaz is against the weight of evidence. Benchmarking the relevant statutes and requirements of the Motor Vehicle Code against the facts and testimony presented at trial, there are no bases upon which the jury could have found Remmert more negligent than Diaz; thus the jury verdict indeed "shocks one's sense of conscience." A new trial should not be granted where the evidence is conflicting and the jury may have found for either party. *Peair v. Home Ass'n of Enola Legion No. 751*, 287 Pa. Super. 400, 410, 430 A.2d 665, 670 (1981) But here, the evidence did not conflict. Testimony from Remmert, Diaz, and Diaz's own expert witness were consistent as to how the accident occurred; Remmert proceeded along East Somerset Street at a speed of 15-20 mph, approached Memphis Street, noticed that a parked truck blocked his view of Memphis Street, and continued along East Somerset Street at the same speed because he had the right-of-way. Diaz drove along Memphis Street, stopped at the stop sign, and then proceeded to move into the intersection while making a left turn onto East Somerset Street. The visibility of the intersection was blocked, however, as Diaz was making his left turn, he struck Remmert's vehicle. Nothing in the record supports Remmert being more causally negligent than Diaz. The verdict of the jury was therefore against the weight of the evidence and post-trial relief in the form a new trial was appropriate.

236

## CONCLUSION

Appellees, Gerald and Kathy Remmert, are entitled to a new trial. The ruling by this court of February 23, 2013 should be upheld.