J-A07001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ADAM KANE, JENNIFER KANE AND KANE FINISHING, LLC, D/B/A KANE INTERIOR AND EXTERIOR FINISHING | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : | No. 1242 MDA 2017 |
| ATLANTIC STATES INSURANCE COMPANY, MOUNTAIN TOP INSURANCE AGENCY, INC. AND JOSEPH R. URBANICK SR. | : : : : | |

Appeal from the Judgment August 31, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No(s):  2014-CV-3243-CV

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.:                    **FILED NOVEMBER 01, 2018**

This appeal concerns an insurance dispute. Appellants Adam Kane, Jennifer Kane and Kane Finishing, LLC, d/b/a Kane Interior and Exterior Finishing, appeal from the judgment entered in the Dauphin County Court of Common Pleas in favor of Appellees Mountain Top Insurance Agency, Inc. ("Mountain Top") and Joseph R. Urbanick, Sr. Appellants contend the trial court erred in applying contributory negligence standards and entering judgment in favor of Appellees. We find the record supports the trial court's application of contributory negligence standards. But the trial court erred as a

_____

* Former Justice specially assigned to the Superior Court.

matter of law in determining that Appellees did not have to prove Appellants' contributory negligence was a substantial factor in causing their harm. So, we reverse and remand for entry of judgment in favor of Appellants.

In March of 2008, Appellants purchased property at 57 Sunset Drive in Mechanicsburg, Pennsylvania. At the time of their purchase, Appellants employed Urbanick, an agent for Mountain Top, to obtain insurance coverage for their property. Urbanick ultimately obtained a homeowner's policy of insurance for Appellants through Atlantic States Insurance Company ("Atlantic").

Three years later, Appellants decided to build a detached garage behind their residence in order to store equipment and supplies used in their home carpentry business. Appellants contacted Urbanick to determine whether their existing insurance policy would cover any damage to the detached garage and its contents. Urbanick assured Appellants that their pre-existing Atlantic insurance policy would cover any fire damage to the detached garage.

In October 2013, a fire destroyed Appellants' detached garage. After Appellants discovered their homeowners insurance policy did not actually cover the garage or its contents, Appellants filed suit against Appellees.[1] In

---

[1] In conjunction with this matter, Appellants filed suit against Atlantic for failure to pay their insurance claim. However, because Appellants' insurance policy did not include coverage for their detached garage, this court granted Atlantic's motion for summary judgment. **See** Trial Court Order, 4/12/17. That decision is not a subject of this appeal.

their complaint, Appellants asserted that Urbanick, acting as an insurance agent for Mountain Top, negligently misrepresented to Appellants that their pre-existing insurance policy would cover any damage to the detached garage.[2] As such, Appellants asserted Appellees were liable for the monetary losses Appellants were unable to recoup through their insurance policy. Appellees denied these claims, and asserted that Appellants were contributorily negligent for failing to ensure their policy covered the detached garage.

Due to Appellees' assertion of contributory negligence, Appellants moved for a ruling on the applicability of Pennsylvania's Comparative Negligence Act, 42 Pa.C.S.A. § 7102. Following a hearing and a review of applicable case law, the trial court determined that contributory, rather than comparative, negligence standards should be applied. Additionally, the parties stipulated that the damages to the detached garage and its contents amounted to $180,000.

Appellants took their negligent misrepresentation claim to trial in April 2017. Following two days of testimony, the trial court charged the jury and presented them with a verdict sheet that read as follows:

1. Do you find that the [Appellants] have proven by a

_____

[2] In their initial complaint, Appellants' also levied claims of fraud and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law against Appellees. **See** Complaint, 7/13/16, at ¶¶ 28-43. Following Appellees' filing of preliminary objections, the trial court dismissed these claims. **See** Order, 11/22/16. The dismissal of these additional claims is not a subject of this appeal.

preponderance of the evidence that [Appellees] were negligent in securing insurance coverage for [Appellants'] detached garage?

_____ Yes    _____ No

If YES, proceed to question 2. If NO, STOP, sign the verdict form at the bottom, and return to the courtroom.

2. Do you find that the negligence of [Appellees] was a substantial factor in causing [Appellants'] lack of insurance coverage?

_____ Yes    _____ No

If YES, proceed to question 3. If NO, STOP, sign the verdict form at the bottom, and return to the courtroom.

3. Do you find that [Appellees] proved by a preponderance of the evidence that [Appellants] were negligent in failing to obtain insurance on the detached garage?

_____ Yes    _____ No

If YES, proceed to question 4. If NO, proceed to question 5.

4. Do you find that [Appellees] proved by a preponderance of the evidence that the negligence of the [Appellants] was a substantial factor in causing their financial losses?

_____ Yes    _____ No

Proceed to question 5.

5. What percentage of negligence do you attribute to the following:

[Appellants]                                                _____%

[Appellees] _____%

100 %

Verdict Slip, 4/27/17.[3]

Ultimately, the jury found that: 1) Appellees were negligent; (2) Appellees' negligence was a substantial factor in Appellants' resulting financial losses; (3) Appellants were contributorily negligent; (4) Appellants' contributory negligence was not a substantial factor in their resulting financial losses; and (5) 75% of the negligence was attributable to Appellees and 25% to Appellants. Based upon the jury's findings, the trial court concluded Appellants were barred from recovery due to the finding of contributory negligence. Therefore, the trial court molded the jury's verdict to reflect this conclusion, and entered judgment on behalf of Appellees. Appellants, alleging the trial court erred in both its determination that the doctrine of contributory, rather than comparative, negligence applied and by molding the verdict, filed a post-trial motion seeking entry of judgment notwithstanding the verdict ("JNOV"). The trial court denied the motion. This timely appeal follows.

On appeal, Appellants raise the following issues:

1. Did the Lower Court err in ruling that this case was governed by the decision in Westcoat [sic] v. National [sic] Savings Association, 378 Pa. Super. 295, 548 A.2d 619 (1988), and therefore incorrectly applied the Law of Contributory Negligence to the case instead of comparative negligence?

_____

[3] The verdict slip was dated April 27, 2017, but was not filed until a day later. As the jury rendered the verdict on April 27, 2017, we will continue to use that date throughout our memorandum.

2. Did the lower court err in holding that the negligence of the [Appellants] barred their claim, when such negligence did not exceed fifty (50%), and the jury determined the [Appellants'] negligence was not a substantial factor in bringing about their injury?

Appellants' Brief, at 4.

Our standard of review of the denial of a motion for JNOV is as follows:

Appellate review of a denial of JNOV is quite narrow. We may reverse only in the event the trial court abused its discretion or committed an error of law that controlled the outcome of the case. Abuse of discretion occurs if the trial court renders a judgment that is manifestly unreasonable, arbitrary or capricious; that fails to apply the law; or that is motivated by partiality, prejudice, bias or ill-will.

When reviewing an appeal from the denial of a request for [JNOV], the appellate court must view the evidence in the light most favorable to the verdict[-]winner and give him or her the benefit of every reasonable inference arising therefrom while rejecting all unfavorable testimony and inferences.... Thus, the grant of a judgment n.o.v. should only be entered in a clear case and any doubts must be resolved in favor of the verdict[-]winner. Furthermore, [i]t is only when either the movant is entitled to judgment as a matter of law or the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant that an appellate court may vacate a jury's finding.

***Empire Trucking Co. v. Reading Anthracite Coal Co.,*** 71 A.3d 923, 932 (Pa. Super. 2013) (citations and quotation marks omitted).

In their first issue, Appellants assail the trial court's determination that the doctrine of contributory, rather than comparative, negligence applied. Appellants contend the trial court improperly relied upon the interpretation of the Comparative Negligence Act found in ***Wescoat v. Northwest Savings Assoc.***, 548 A.2d 619 (Pa. Super. 1988), a case they argue

involved distinguishable characteristics, and ignored the fact that the parties stipulated to $180,000 in damages to the detached garage. Therefore, Appellants assert the trial court erred as a matter of law in determining Appellants were barred from collecting damages, and entering judgment in favor of Appellees.

Appellants' issue involves the application of a statute, 42 Pa.C.S.A. § 7102. "The application of a statute is a question of law, and our standard of review is plenary." **Bell v. Dean**, 5 A.3d 266, 269 (Pa. Super. 2010) (citation and internal quotation marks omitted).

In Pennsylvania, our courts historically adhered to the legal doctrine that a plaintiff's causal contributory negligence functioned as a complete bar to a plaintiff's recovery. **See Elder v. Orluck**, 515 A.2d 517, 524 (Pa. 1986) (opinion announcing the judgment of the court). This doctrine was modified by the enactment of the Comparative Negligence Act, which provides, in relevant part:

> (a)  General rule.--In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S.A. § 7102(a).

While comparative negligence now governs determining ultimate recovery in many situations, *Wescoat* reminded us that "[t]he [Comparative Negligence Act] does not apply to all actions for negligence but *only to those resulting in death or injury to person or property*." *Id*., at 621. (emphasis added).

In *Wescoat*, a panel of this Court was tasked with determining whether the Comparative Negligence Act applies to a negligence action in which a "defendant allegedly failed to procure an insurance policy for the plaintiff and failed to notify the plaintiff that the insurance was not obtained." *Id*., at 620 (footnote omitted). As the comparative negligence statute required "death or injury to person or property" as a precursor to application, the panel analyzed the facts of plaintiff's negligence action in light of this phrase. *Id*., at 621.

The panel determined that defendant's failure to obtain insurance clearly did not constitute death or injury to a person. *See id*. Interpreting the legislature's use of the term property in the Act to mean only "tangible property," the panel reasoned that purely monetary loss, which the plaintiff had sustained for defendants' failure to obtain insurance, did not constitute damage to tangible property. *Id*., at 622. Because the plaintiff could not show "death or injury to person or property," the panel found that the comparative negligence statute did not apply, and that therefore, "the doctrine of contributory negligence bars recovery if the plaintiff's negligence has contributed to his loss." *Id*., at 623.

Appellants argue the facts here are readily distinguishable from those in **Wescoat**. Namely, they claim their case involved a misrepresentation in insurance coverage, as opposed to the lack of insurance coverage found in **Wescoat**, and that, unlike there, the parties here stipulated to $180,000 of damage to the detached garage and its contents.

Appellants' argument misses the rationale behind the holding in **Wescoat**. Contributory negligence did not apply there not because the plaintiff in that case failed to prove a certain amount of damages or the defendant failed to get an insurance policy, but rather because the Court found the monetary damage caused by defendant's failure to obtain an insurance policy did not constitute damage to tangible property. **See id**., at 622. Here, as in **Wescoat**, Appellants asserted Appellees caused them *monetary damage* due to their negligent misrepresentations. As monetary damage does not constitute damage to tangible property, which is necessary to invoke the Comparative Negligence Act, we find no fault with the trial court's ruling that contributory negligence standards applied instead. **See id**., at 623. **See also Gorski v. Smith**, 812 A.2d 683, 702 (Pa. Super. 2002) (finding that contributory negligence applied in legal malpractice case because there was no damage to tangible property). Therefore, we find no merit to Appellants' first issue on appeal.

Appellants' next argument challenges the trial court's decision to mold the verdict in favor of Appellees. Appellants argue that because the jury found Appellants' contributory negligence was not a substantial factor in causing

Appellants' financial losses, Appellants are not barred from recovery under the contributory negligence doctrine. As such, Appellants contend the trial court erred as a matter of law in denying their request for JNOV, and by entering judgment in favor of Appellees.

Conversely, the trial court and Appellees frame Appellants' claim as a challenge to allegedly inconsistent interrogatories, which Appellant waived by failing preserve by objecting to the verdict slip before it was presented to the jury.[4] Finding no inconsistency, we agree with Appellants.

"It is well established in Pennsylvania that there is a presumption of consistency with respect to a jury's findings which can only be defeated when there is no reasonable theory to support the jury's verdict." **Giovanetti v. Johns-Manville Corp**., 539 A.2d 871, 875 (Pa. Super. 1988) (citation omitted). After reviewing the verdict slip, we find no reason to disturb the presumption of consistency.

There is no question as to the jury's finding that Appellees were negligent, and that Appellees' negligence was a proximate cause of Appellants' failure to obtain insurance on the attached garage. Thus, Appellees are

---

[4] The trial court and Appellees also argued that the jury's finding that Appellants were 25% negligent was a general verdict which should control over the special finding that Appellants' negligence was not a substantial factor in bringing about their harm pursuant to **Fritz v. Wright**, 907 A.2d 1083, 1091-1092 (Pa. 2006). However, the argument relies upon a conclusion that these two findings are inconsistent. As we determine below that these findings are not inconsistent, this argument necessarily fails.

properly held liable for all of Appellants' damages. Further, despite Appellees attempt to classify this as an "inconsistent verdict," there is no confusion apparent on the verdict slip regarding Appellants' contributory negligence. The jury clearly found that Appellants' negligence was *not* a substantial factor in causing their losses.

Pursuant to the contributory negligence doctrine, a plaintiff is barred from collecting from a negligent defendant if their own negligence contributed in any way to their injury. **See Elder v. Orluck**, 515 A.2d 517, 524 (Pa. 1986). However, in order for a plaintiff's own negligence to bar their recovery, the fact-finder must determine that the plaintiff's contributory negligence was a substantial factor, or proximate cause, in bringing about their harm. **See McCay v. Philadelphia Elec. Co**., 291 A.2d 759, 761 (Pa. 1972). **See also Whitner v. Von Hintz**, 263 A.2d 889, 893 n.2, 894 (Pa. 1970) (finding the term "substantial factor" interchangeable with "proximate cause" and "legal cause").

As the jury found that Appellants' negligence was not a substantial factor in bringing about their harm, their contributory negligence does not bar them from recovering from Appellees. **See McCay**, 291 A.2d at 761. Because the 25% of negligence assigned to Appellants' in question 5 was not specified as causal negligence, or negligence which had a substantial factor in bringing about Appellants' harm, it does not conflict with the finding that Appellants' negligence was not a substantial factor. Thus, the trial court erred as a matter

of law by entering judgment in favor of Appellees, and by failing to grant Appellants' request for JNOV.

Judgment reversed. Case remanded for entry of judgment in favor of Appellants. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2018